IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOCELYN PETTENATO, JILL LAW, AND ALL OTHERS SIMILARLY SITUATED,<br><br>    *Plaintiff*,<br><br>v.<br><br>BEACON HEALTH OPTIONS, INC.,<br><br>    *Defendant*. | Civil Action No. |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Jocelyn Pettenato and Jill Law ("Plaintiffs") file this Class and Collective Action Complaint ("Complaint") against Beacon Health Options, Inc. ("Defendant"), and in support state the following:

**Nature of This Lawsuit**

1. Defendant is a company that partners with healthcare providers and health insurance providers to improve the quality and cost of medical care.

2. Defendant employed Plaintiffs to perform utilization review and case management functions to attempt to reduce the costs of medical care.

3. Defendant employed Plaintiffs and other individuals to perform similar job duties under various job titles, including but not limited to "Care Manager," "Case Manager," "Utilization Manager," "Care Coordinator," "Clinical Care Manager," "Clinical Care Liaison," "Harp Care Manager," "UM Care Manager," "UR Care Manager," (collectively, "Care Management Employees").

4. Defendant paid Care Management Employees a salary.

5. Defendant's Care Management Employees regularly worked over 40 hours per week.

6. Defendant classified Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in an individual workweek.

7. In fact, Defendant's Care Management Employees primarily performed non-exempt work, including asking members standardized questions to collect data for care assessments; inputting answers to those questions into Defendant's computer system; using established guidelines to maximize utilization of plan resources through application of predetermined criteria; coordinating care by performing ministerial tasks like arranging members with information and resources to educate members concerning their health plan needs; and other similar work ("Care Management Work").

8. Plaintiffs bring this action on behalf of themselves and other similarly situated Care Management Employees, who due to Defendant's misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

9. Plaintiff Pettanato also brings class action claims under New York state law under New York Minimum Wage Act, Labor Law § 650 *et seq*., the New York Wage Payment Act, Labor Law § 190 *et seq*., and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, the "NYLL").

10. Plaintiff Law also brings class actions claims under Colorado state law under the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order, 7 C.C.R. §1103-1, *et seq.*, (together, the "CMWA").

11. Plaintiffs Pettenato and Law bring their respective state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendant's failure to pay them and other Care Management Employees for all earned overtime pay.

**The Parties**

12. Plaintiff Jocelyn Pettenato worked for Defendant as a Care Management Employee in this Judicial District from August 2015 to October 2016.

13. Plaintiff Jill Law worked for Defendant as a Care Management Employee in Colorado from June 2016 to January 2018.

14. Defendant is a Virginia Corporation.

15. Defendant's principal place of business is Norfolk, Virginia.

**Jurisdiction and Venue**

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claim arises under federal law. *See* U.S.C. § 216(b).

17. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as their FLSA claims.

18. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

19. Plaintiffs worked as Care Management Employees for Defendant.

20. During her employment with Defendant, Plaintiff Pettenato primarily performed Care Management Work.

21. During her employment with Defendant, Plaintiff Law primarily performed Care Management Work.

22. During her employment, Plaintiff Pettenato's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

23. During her employment, Plaintiff Law's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

24. Defendant required Plaintiff Pettenato to work over 40 hours in one or more individual workweeks.

25. Defendant required Plaintiff Law to work over 40 hours in one or more individual workweeks.

26. During her employment with Defendant, Plaintiff Pettenato worked over 40 hours in one or more individual workweeks.

27. During her employment with Defendant, Plaintiff Law worked over 40 hours in one or more individual workweeks.

28. Defendant classified Plaintiff Pettenato as exempt from the overtime provisions of the FLSA and NYLL.

29. Defendant classified Plaintiff Law as exempt from the overtime provisions of the FLSA and the CMWA.

30. Defendant paid Plaintiff Pettenato a salary.

31. Defendant paid Plaintiff Law a salary.

32. When Plaintiff Pettenato worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay.

33. When Plaintiff Law worked over 40 hours in individual workweeks, Defendant did not pay Plaintiff overtime at one-and-one-half times her regular rate of pay.

34. Defendant is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

35. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

36. Defendant has made more than $500,000 in sales made or business done in each of the last three calendar years.

37. During her employment, Plaintiff Pettenato was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

38. During her employment, Plaintiff Law was an "employee" of Defendant as defined by the FLSA in 29 U.S.C. § 203(e).

39. During her employment, Plaintiff Pettenato was an "employee" of Defendant as defined by the NYLL § 196.1(b).

40. During her employment, Plaintiff Law was an "employee" of Defendant as defined by the CMWA 7 Colo. Code Regs. § 1103(1)(2).

41. During her employment, Defendant was Plaintiff Pettenato's "employer" as defined under the FLSA in § 203(d).

42. During her employment, Defendant was Plaintiff Law's "employer" as defined under the FLSA in § 203(d).

43. During her employment, Defendant was Plaintiff Pettenato's "employer" as defined by the NYLL in § 2(6).

44. During her employment, Defendant was Plaintiff Law's "employer" as defined under Colorado Minimum Wage Order in §1103-1(2).

**Collective Action Allegations**

45. Plaintiffs bring their FLSA claims as a collective action.

46. Plaintiffs' consent forms to participate in this collective action are attached to this Complaint as Exhibits A-B.

47. The collective action is defined as follows:

All individuals employed by Defendant as Care Management Employees in the last three years who were paid salary and no overtime, who worked more than 40 hours in one or more individual workweeks, and who file consent forms to participate in this lawsuit ("Collective Action Members").

48. Plaintiffs are similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

49. In the last three years, Defendant employed individuals who performed the same primary duties as Plaintiffs.

50. Of Defendant's employees who performed the same primary job duties as Plaintiffs in the last three years, Defendant classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

51. Of employees classified as exempt and who performed the same primary duties as Plaintiffs in the last three years, some or all worked over 40 hours in individual workweeks.

52. Defendant maintained one or more common job descriptions for Care Management Employees.

53. Defendant has names and addresses for potential Collective Action Members in its payroll or personnel records.

54. Defendant has email addresses for potential Collective Action Members in its payroll or personnel records.

55. Defendant has phone numbers for potential Collective Action Members in its payroll or personnel records.

56. Defendant is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

57. Plaintiffs also seek class certification under Fed. R. 23 of the following state law sub-classes:

   a. All individuals employed by Defendant in New York as Care Management Employees in the last six years who were paid salary and no overtime and who worked more than 40 hours in one or more individual workweeks, (the "New York Class");

   b. All individuals employed by Defendant in Colorado as Care Management Employees in the last two years who were paid a salary and no overtime and who worked more than 40 hours in one or more individual workweeks, (the "Colorado Class").

58. The New York Class has more than 40 members.

59. As a result, the New York Class is so numerous that joinder of all members is not practical.

60. The Colorado Class has more than 40 members.

61. As a result, the Colorado Class is so numerous that joinder of all members is not practical.

62. There are questions of law or fact common to the New York Class, including (1) whether the New York Class primarily performed non-exempt work; (2) whether Defendant violated the NYLL by refusing to pay the New York Class overtime pay; and (3) the proper measure of damages if Defendant misclassified the New York Class as exempt from the overtime provisions of the NYLL.

63. There are questions of law or fact common to the Colorado Class, including (1) whether the Colorado Class primarily performed non-exempt work; (2) whether Defendant violated the CMWA by refusing to pay the Colorado Class overtime pay; and (3) the proper measure of damages if Defendant misclassified the Colorado Class as exempt from the overtime provisions of the CMWA.

64. Plaintiff Pettenato's overtime claims are typical of those of the New York Class because they arise out of Defendant's uniform compensation practices.

65. Plaintiff Law's overtime claims are typical of those of the Colorado Class because they arise out of Defendant's uniform compensation practices.

66. Defendant's defenses to Plaintiff Pettenato's NYLL claims are typical of its defenses to those of the New York Class because they are grounded in the same compensation practices.

67. Defendant's defenses to Plaintiff Law's CMWA claims are typical of its defenses to those of the Colorado Class because they are grounded in the same compensation practices.

68. Plaintiff Pettenato can fairly and adequately protect the interests of the New York Class because she is asserting the same claims as the New York Class.

69. Plaintiff Law can fairly and adequately protect the interests of the Colorado Class because she is asserting the same claims as the Colorado Class.

70. Plaintiff Pettenato can fairly and adequately protect the interests of the New York Class because she has no interests adverse to the New York Class.

71. Plaintiff Law can fairly and adequately protect the interests of the New York Class because she has no interests adverse to the Colorado Class.

72. Plaintiff Pettenato can fairly and adequately protect the interests of the New York Class because she has retained counsel experienced in class action employment litigation.

73. Plaintiff Law can fairly and adequately protect the interests of the Colorado Class because she has retained counsel experienced in class action employment litigation.

74. The common questions of law and fact predominate over the variations which may exist between members of the New York Class, if any.

75. The common questions of law and fact predominate over the variations which may exist between members of the Colorado Class, if any.

76. Plaintiff Pettenato and the members of the New York Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

77. Plaintiff Law and the members of the Colorado Class on the one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

78. If individual actions were required to be brought by each member of the New York Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendant.

79. If individual actions were required to be brought by each member of the Colorado Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendant.

80. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the New York Class is entitled.

81. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Colorado Class is entitled.

82. The books and records of Defendant are material to the New York Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

83. The books and records of Defendant are material to the Colorado Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

84. Plaintiffs incorporate here the previous allegations of this Complaint.

85. This count arises from Defendant's violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members when they worked over 40 hours in individual workweeks.

86. Plaintiff Pettenato was not exempt from the overtime provisions of the FLSA.

87. Plaintiff Law was not exempt from the overtime provisions of the FLSA.

88. Collective Action Members were not exempt from the overtime provisions of the FLSA.

89. Plaintiff Pettenato was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

90. Plaintiff Law was directed by Defendant to work, and did work, over 40 hours in one or more individual workweeks.

91. Other Collective Action Members were directed to work, and did work, over 40 hours in one or more individual workweeks.

92. Defendant paid Plaintiff Pettenato a salary and no overtime compensation.

93. Defendant paid Plaintiff Law a salary and no overtime compensation.

94. Defendant paid other Collective Action Members a salary and no overtime compensation.

95. Defendant violated the FLSA by failing to pay overtime to Plaintiff Pettenato at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

96. Defendant violated the FLSA by failing to pay overtime to Plaintiff Law at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

97. Defendant violated the FLSA by failing to pay overtime to other Collective Action Members at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

98. Defendant's violations of the FLSA were willful because it received complaints from Care Management Employees that alerted Defendant that it was paying one or more of those employees incorrectly.

99. Alternatively, Defendant's violations of the FLSA were willful because it classified other employees who performed many of the same primary duties as Care Management Employees as non-exempt from the FLSA's overtime requirements.

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action Members, seek a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiffs and the Collective Action Members;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as the Court deems appropriate.

## COUNT II
## Violation of the New York Labor Law
## (Class Action)

100. Plaintiff Pettenato incorporates here the previous allegations of this Complaint.

101. This count arises from Defendant's violations of the NYLL by failing to pay overtime to Plaintiff Pettenato and the New York Class when they worked over 40 hours in individual workweeks.

102. Defendant classified Plaintiff Pettenato as exempt from the overtime provisions of the NYLL.

103. Defendant classified the New York Class as exempt from the overtime provisions of the NYLL.

104. Plaintiff Pettenato was not exempt from the overtime provisions of the NYLL.

105. The New York Class was not exempt from the overtime provisions of the NYLL.

106. Plaintiff Pettenato was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

107. Defendant violated the NYLL by failing to pay Plaintiff Pettenato and the New York Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Pettenato, on behalf of herself and the New York Class, seeks a judgment against Defendant as follows:

A. All unpaid overtime wages due to Plaintiff Pettenato and the New York Class;

B. Pre-judgment and post-judgment interest;

C. Liquidated damages equal to the unpaid overtime compensation due;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E. Such other relief as the Court deems appropriate.

## COUNT III
### Violation of the Colorado Minimum Wage Act
### (Class Action)

108. Plaintiff Law incorporates here the previous allegations of this Complaint.

109. This count arises from Defendant's violations of the CMWA by failing to pay overtime to Plaintiff Law and the Colorado Class when they worked over 40 hours in individual workweeks.

110. Defendant classified Plaintiff Law as exempt from the overtime provisions of the CMWA.

111. Defendant classified the Colorado Class as exempt from the overtime provisions of the CMWA.

112. Plaintiff Law was not exempt from the overtime provisions of the CMWA.

113. The Colorado Class was not exempt from the overtime protections of the CMWA.

114. Plaintiff Law was regularly was regularly directed to work by Defendant, and did work, over 40 hours in individual workweeks.

115. Defendant violated the NYLL by failing to pay Plaintiff Law and the Colorado Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Law, on behalf of herself and the Colorado Class, seeks a judgment against Defendant as follows:

- A. All unpaid overtime wages due to Plaintiff Law and the Colorado Class;
- B. Pre-judgment and post-judgment interest;
- C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and
- D. Such other relief as the Court deems appropriate.

## Jury Demand

Plaintiffs demand a trial by jury.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: February 21, 2019 | /*s/ Ravi Sattiraju* |
|  | Ravi Sattiraju (N.Y. Bar No. 4053344) |
|  | **THE SATTIRAJU LAW FIRM, P.C.** |
|  | 116 Village Blvd, Suite 200 |
|  | Princeton, NJ 08540 |
|  | Telephone: (609) 799-1266 |
|  | Facsimile: (609) 228-5649 |
|  | Email: rsattiraju@sattirajulawfirm.com |

DOUGLAS M. WERMAN
MAUREEN A. SALAS*
Werman Salas P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

TRAVIS M. HEDGPETH*
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
5438 Rutherglenn Drive
Houston, Texas 77096
P: (512) 417-5716
travis@hedgpethlaw.com

JACK SIEGEL*
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
www.4overtimelawyer.com

*Application for admission pro hac vice forthcoming*

**Attorneys for Plaintiffs and Others Similarly Situated**