**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOCELYN PETTENATO, JILL LAW, ANITRA STEWART, AND ALL OTHERS SIMILARLY SITUATED,<br><br>      *Plaintiffs*,<br><br>**v.**<br><br>BEACON HEALTH OPTIONS, INC., BEACON HEALTH STRATEGIES LLC, AND VALUEOPTIONS FEDERAL SERVICES, INC.<br><br>      *Defendants*. | **Civil Action No. 1:19-cv-1646 JPO-BCM** |

## FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Jocelyn Pettenato, Jill Law, and Anitra Stewart ("Plaintiffs") file this First Amended Class and Collective Action Complaint ("Complaint") against Beacon Health Options, Inc. ("BH Options"), Beacon Health Strategies LLC ("BH Strategies"), and ValueOptions Federal Services, Inc. ("ValueOptions Federal Services") (BH Options, BH Strategies, and ValueOptions Federal Services are collectively referred to as "Defendants"), and in support state the following:

**Nature of This Lawsuit**

1.      Defendants partner with healthcare providers and health insurance providers to improve the quality and cost of medical care.

2.      Defendants employed Plaintiffs and other individuals to perform utilization review and case management functions to reduce the costs of medical care under various "job titles" in Defendants' "Clinical" job family[1] that include one or more of the following terms or variations

---

[1]   https://careers.beaconhealthoptions.com/search (reflecting fourteen different job families including "Clinical, Unlicensed" and "Clinical, Licensed" job families) (last visited June 5, 2019).

of those terms: (1) Case/Care Manager; (2) Utilization Review/Utilization Management; and (3)

Care Coordinator (collectively, "Care Management Employees").[2]

       3.      The labels used by Defendants to refer to the positions held by Care Management

Employees include, without limitation, the following:

> Clinical Case Manager / Licensed Case Manager, Care Manager, Clinical Care
> Manager, Utilization Care Manager, Care Manager – Utilization Review, Clinical
> Care Manager II, HARP Care Manager, UM Care Manager, UR Care Manager,
> UM Care Manager, Care Manager Clinician-Children, Care Management
> Clinician, Care Manager (ICM-Intensive Care Management), Care Manager-ICM,
> Care Manager CNS, Care Manager-MVP Clinical Team, Care Navigator - Care
> Manager, Care Manager – UM, Clinical Care Manager – UM, Care Manager –
> HARP UM, Care Coordinator, Clinical Care Coordinator, Intensive Care
> Coordinator, Case Manager, Intensive Case Manager, HARP Case Manager,
> Intensive Management Clinical Care Manager (ICM CCM), Utilization Review-
> Care Manager, Utilization Review Care Manager, Utilization Review Clinician
> (collectively, "Arbitrary Job Titles").[3]

       4.      Defendants paid Plaintiffs a salary.

       5.      Defendants paid other Care Management Employees a salary.

       6.      Plaintiffs regularly worked over 40 hours per week.

       7.      Defendants' other Care Management Employees regularly worked over 40 hours

per week.

---

[2] This includes job titles that include the abbreviation "UM" (Utilization Management) or "UR" (Utilization Review).

[3] The practice of assigning arbitrary job titles to individuals performing substantially the same work is a pervasive practice in the managed care industry. *See* Deakin v. Magellan Health, Inc., 328 F.R.D. 427, 433 (D.N.M. 2018) (conditionally certifying a class of managed care workers employed under job titles that included the terms "Care Coordinator" or "Care Manager" and rejecting defendant's argument that certification was inappropriate because defendant employed non-supervisory employees in **thirty-six job titles containing the terms "Care Coordinator" or "Care Manager"**).

8.      Defendants classified Plaintiffs as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in an individual workweek.

9.      Defendants classified other Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in an individual workweek.

10.     In fact, the utilization review and case management job functions primarily performed by Care Management Employees consisted of non-exempt work, including collecting information to document insured individuals' medical circumstances, inputting that information into Defendants' computer system, using established guidelines to maximize utilization of plan resources through application of predetermined criteria, coordinating care by performing ministerial tasks, including arranging appointments, referrals, and obtaining necessary authorizations from individuals, supplying insured individuals with additional information and resources to allow them to educate themselves about their health plan, and other similar work ("Care Management Work").

11.     Plaintiffs bring this action on behalf of themselves and other similarly situated Care Management Employees, who due to Defendants' misclassification scheme, were not paid all earned overtime pay for time they worked in excess of forty (40) hours in individual work weeks in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

12.     Plaintiff Pettenato also brings class action claims under New York state law under New York Minimum Wage Act, Labor Law § 650 *et seq.*, the New York Wage Payment Act, Labor Law § 190 *et seq.*, and the supporting Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, the "NYLL").

13.     Plaintiff Law also brings class action claims under Colorado state law under the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order, 7 C.C.R. §1103-1, *et seq*., (together, the "CMWA").

14.     Plaintiffs Pettenato and Law bring their respective state law claims pursuant to Fed. R. Civ. P. 23(b)(3) and 23(c)(4) for Defendants' failure to pay them and other Care Management Employees for all earned overtime pay.

**The Parties**

15.     Plaintiff Jocelyn Pettenato worked for Defendant BH Options as a Care Management Employee in this Judicial District from August 2015 to October 2016.

16.     Plaintiff Jocelyn Pettenato worked for Defendant BH Strategies as a Care Management Employee in this Judicial District from August 2015 to October 2016.

17.     Plaintiff Jill Law worked for Defendant BH Options as a Care Management Employee in Colorado from June 2015 to January 2017.

18.     Plaintiff Anitra Stewart worked for Defendant BH Options as a Care Management Employee in Georgia from May 2015 to January 2017.

19.     Defendant BH Options is a Virginia Corporation.

20.     Defendant BH Options was formed in or around December 2014 after BH Strategies merged with ValueOptions, Inc.

21.     ValueOptions, Inc. legally changed its name to BH Options on or around December 9, 2015.

22.     Defendant BH Options' principal place of business is in Boston, Massachusetts.

23.     Defendant BH Strategies is a Massachusetts limited liability company.

24.     Defendant BH Strategies' managers and members are residents of Massachusetts.

25.     Defendant BH Strategies is a subsidiary of Beacon Health Options.

26.     Defendant ValueOptions Federal Services is a Virginia Corporation.

27.     Defendant ValueOptions Federal Services' principle place of business is in Norfolk, Virginia.

28.     Defendant ValueOptions Federal Services is a subsidiary of Defendant BH Options.

29.     Defendant ValueOptions Federal Services paid certain Care Management Employees, including opt-in Plaintiff Bonnie Walton.

30.     Defendant BH Options performs central management functions, including the hiring of CMEs, for its subsidiary companies, including BH Strategies and ValueOptions Federal Services.

31.     Defendant BH Options, together with its subsidiary companies, jointly employ Care Management Employees.

32.     Defendant BH Options, together with its subsidiary companies, have jointly employed Plaintiffs.

**Jurisdiction and Venue**

33.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' FLSA claims arise under federal law. *See* U.S.C. § 216(b).

34.     This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a) because they arise out of the same facts as their FLSA claims.

35.     Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

**Factual Allegations**

36.     Plaintiffs worked as Care Management Employees for Defendants.

37.     Plaintiff Pettenato received an offer of employment from Kathy Evans, a Sr. Talent Acquisition Partner employed by BH Options.

38.     Plaintiff Pettenato was paid by Defendant BH Strategies.

39.     During her employment with Defendants, Plaintiff Pettenato primarily performed Care Management Work.

40.     During her employment with Defendants, Plaintiff Law primarily performed Care Management Work.

41.     During her employment with Defendants, Plaintiff Stewart primarily performed Care Management Work.

42.     During her employment, Plaintiff Pettenato's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

43.     During her employment, Plaintiff Law's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

44.     During her employment, Plaintiff Stewart's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

45.     During her employment, Plaintiff Pettenato's job duties did not involve providing nursing care in a clinical setting, providing direct medical care to individuals, or providing professional counseling services to individuals.

46.     During her employment, Plaintiff Law's job duties did not involve providing traditional nursing care in a clinical setting, providing direct medical care to individuals, or providing professional counseling services to individuals.

47.     During her employment, Plaintiff Stewart's job duties did not involve providing traditional nursing care in a clinical setting, providing direct medical care to individuals, or providing professional counseling services to individuals.

48.    Plaintiff Pettenato did not customarily and regularly direct the work of at least two employees during her employment with Defendants.

49.    Plaintiff Pettenato did not have the authority to hire or fire other employees during her employment with Defendants.

50.    Plaintiff Law did not customarily and regularly direct the work of at least two employees during her employment with Defendants.

51.    Plaintiff Law did not have the authority to hire or fire other employees during her employment with Defendants.

52.    Plaintiff Stewart did not customarily and regularly direct the work of at least two employees during her employment with Defendants.

53.    Plaintiff Stewart did not have the authority to hire or fire other employees during her employment with Defendants.

54.    Defendants required Plaintiff Pettenato to work over 40 hours in one or more individual workweeks.

55.    Defendants required Plaintiff Law to work over 40 hours in one or more individual workweeks.

56.    Defendants required Plaintiff Stewart to work over 40 hours in one or more individual workweeks.

57.    During her employment with Defendants, Plaintiff Pettenato worked over 40 hours in one or more individual workweeks.

58.    During her employment with Defendants, Plaintiff Law worked over 40 hours in one or more individual workweeks.

59.    During her employment with Defendants, Plaintiff Stewart worked over 40 hours in one or more individual workweeks.

60.     Defendants classified Plaintiff Pettenato as exempt from the overtime provisions of the FLSA and NYLL.

61.     Defendants classified Plaintiff Law as exempt from the overtime provisions of the FLSA and the CMWA.

62.     Defendants classified Plaintiff Stewart as exempt from the overtime provisions of the FLSA.

63.     Defendants paid Plaintiff Pettenato a salary.

64.     Defendants paid Plaintiff Law a salary.

65.     Defendants paid Plaintiff Stewart a salary.

66.     When Plaintiff Pettenato worked over 40 hours in individual workweeks, Defendants did not pay her overtime at one-and-one-half times her regular rate of pay.

67.     When Plaintiff Law worked over 40 hours in individual workweeks, Defendants did not pay her overtime at one-and-one-half times her regular rate of pay.

68.     When Plaintiff Stewart worked over 40 hours in individual workweeks, Defendants did not pay her overtime at one-and-one-half times her regular rate of pay.

69.     Defendant BH Options is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

70.     Defendant BH Options is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

71.     Defendant BH Options made more than $500,000 in sales made or business done in each of the last three calendar years.

72.     Defendant BH Strategies is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

73.     Defendant BH Strategies is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

74.     Defendant BH Strategies made more than $500,000 in sales made or business done in each of the last three calendar years.

75.     Defendant ValueOptions Federal Services is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

76.     Defendant ValueOptions Federal Services is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

77.     Defendant ValueOptions Federal Services made more than $500,000 in sales made or business done in each of the last three calendar years.

78.     During her employment, Plaintiff Pettenato was an "employee" of Defendant BH Options as defined by the FLSA in 29 U.S.C. § 203(e).

79.     During her employment, Plaintiff Law was an "employee" of Defendant BH Options as defined by the FLSA in 29 U.S.C. § 203(e).

80.     During her employment, Plaintiff Stewart was an "employee" of Defendant BH Options as defined by the FLSA in 29 U.S.C. § 203(e).

81.     During her employment, Plaintiff Pettenato was an "employee" of Defendant BH Strategies as defined by the FLSA in 29 U.S.C. § 203(e).

82.     During her employment, Plaintiff Pettenato was an "employee" of Defendant BH Options as defined by the NYLL § 190.2.

83.     During her employment, Plaintiff Pettenato was an "employee" of Defendant BH Strategies as defined by the NYLL § 190.2.

84.     During her employment, Plaintiff Law was an "employee" of Defendant BH Options as defined by the CMWA  7 Colo. Code Regs. § 1103(1)(2).

85.     During her employment, Defendant BH Options was Plaintiff Pettenato's "employer" as defined under the FLSA in § 203(d).

86.     During her employment, Defendant BH Options was Plaintiff Law's "employer" as defined under the FLSA in § 203(d).

87.     During her employment, Defendant BH Options was Plaintiff Stewart's "employer" as defined under the FLSA in § 203(d).

88.     During her employment, Defendant BH Strategies was Plaintiff Pettenato's "employer" as defined under the FLSA in § 203(d).

89.     During her employment, Defendant BH Options was Plaintiff Pettenato's "employer" as defined by the NYLL in § 2(6).

90.     During her employment, Defendant BH Strategies was Plaintiff Pettenato's "employer" as defined by the NYLL in § 2(6).

91.     During her employment, Defendant BH Options was Plaintiff Law's "employer" as defined under Colorado Minimum Wage Order in §1103-1(2).

**Collective Action Allegations**

92.     Plaintiffs bring their FLSA claims as a collective action.

93.     Plaintiffs' consent forms to participate in this collective action were previously filed with the Court.

94.     The collective action is defined as follows:

All individuals employed by Defendants as Care Management Employees who worked over 40 hours in one or more individual workweeks in the last three years, who were paid a salary and no overtime pay, and who file consent forms to participate in this lawsuit ("Collective Action Members").

95.     Plaintiffs are similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

96.    In the last three years, Defendants employed individuals who performed the same primary duties as Plaintiffs.

97.    Of Defendants' employees who performed the same primary job duties as Plaintiffs in the last three years, Defendants classified some or all as exempt from the overtime provisions of the FLSA and paid them a salary.

98.    Of employees classified as exempt and who performed the same primary duties as Plaintiffs in the last three years, some or all worked over 40 hours in individual workweeks.

99.    Defendants maintained one or more common job descriptions for Care Management Employees.

100.    Defendants have the names and addresses for potential Collective Action Members in their payroll or personnel records.

101.    Defendants have email addresses for potential Collective Action Members in their payroll or personnel records.

102.    Defendants have phone numbers for potential Collective Action Members in their payroll or personnel records.

103.    Defendants are aware or should have been aware that the FLSA required them to pay potential Collective Action Members overtime if they primarily performed non-exempt work.

**Class Action Allegations**

104.    Plaintiffs also seek class certification under Fed. R. 23 of the following state law sub-classes:

     a.    All individuals employed by Defendants in New York as Care Management Employees in the past six years who were paid a salary and no overtime (the "New York Class");

     b.    All individuals employed by Defendants in Colorado as Care Management Employees in the past three years who were paid a salary and no overtime (the "Colorado Class").

105.    The New York Class has more than 40 members.

106.    As a result, the New York Class is so numerous that joinder of all members is not practical.

107.    The Colorado Class has more than 40 members.

108.    As a result, the Colorado Class is so numerous that joinder of all members is not practical.

109.    There are questions of law or fact common to the New York Class, including (1) whether the New York Class primarily performed non-exempt work; (2) whether Defendants violated the NYLL by refusing to pay the New York Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the New York Class as exempt from the overtime provisions of the NYLL.

110.    There are questions of law or fact common to the Colorado Class, including (1) whether the Colorado Class primarily performed non-exempt work; (2) whether Defendants violated the CMWA by refusing to pay the Colorado Class overtime pay; and (3) the proper measure of damages if Defendants misclassified the Colorado Class as exempt from the overtime provisions of the CMWA.

111.    Plaintiff Pettenato's overtime claims are typical of those of the New York Class because they arise out of Defendants' uniform compensation practices.

112.    Plaintiff Law's overtime claims are typical of those of the Colorado Class because they arise out of Defendants' uniform compensation practices.

113.    Defendants' defenses to Plaintiff Pettenato's NYLL claims are typical of their defenses to those of the New York Class because they are grounded in the same compensation practices.

114.   Defendants' defenses to Plaintiff Law's CMWA claims are typical of their defenses to those of the Colorado Class because they are grounded in the same compensation practices.

115.   Plaintiff Pettenato can fairly and adequately protect the interests of the New York Class because she is asserting the same claims as the New York Class.

116.   Plaintiff Law can fairly and adequately protect the interests of the Colorado Class because she is asserting the same claims as the Colorado Class.

117.   Plaintiff Pettenato can fairly and adequately protect the interests of the New York Class because she has no interests adverse to the New York Class.

118.   Plaintiff Law can fairly and adequately protect the interests of the Colorado Class because she has no interests adverse to the Colorado Class.

119.   Plaintiff Pettenato can fairly and adequately protect the interests of the New York Class because she has retained counsel experienced in class action employment litigation.

120.   Plaintiff Law can fairly and adequately protect the interests of the Colorado Class because she has retained counsel experienced in class action employment litigation.

121.   The common questions of law and fact predominate over the variations which may exist between members of the New York Class, if any.

122.   The common questions of law and fact predominate over the variations which may exist between members of the Colorado Class, if any.

123.   Plaintiff Pettenato and the members of the New York Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

124.   Plaintiff Law and the members of the Colorado Class on the one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages, interest, penalties, attorneys' fees and costs.

125.     If individual actions were required to be brought by each member of the New York Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendants.

126.     If individual actions were required to be brought by each member of the Colorado Class injured or affected, it would necessarily result in a multiplicity of lawsuits, creating a hardship to the individuals and to this Court, as well as the Defendants.

127.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the New York Class is entitled.

128.     Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Colorado Class is entitled.

129.     The books and records of Defendants are material to the New York Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

130.     The books and records of Defendants are material to the Colorado Class's claims because they disclose the hours worked by each member of the Class and the rate of pay for that work.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Collective Action)

131.     Plaintiffs incorporate here the previous allegations of this Complaint.

132.     This count arises from Defendants' violations of the FLSA by failing to pay overtime to Plaintiffs and the Collective Action Members when they worked over 40 hours in individual workweeks.

133.    Plaintiff Pettenato was not exempt from the overtime provisions of the FLSA.

134.    Plaintiff Law was not exempt from the overtime provisions of the FLSA.

135.    Plaintiff Stewart was not exempt from the overtime provisions of the FLSA.

136.    Other Care Management Employees were not exempt from the overtime provisions of the FLSA.

137.    Plaintiff Pettenato was directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks.

138.    Plaintiff Law was directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks.

139.    Plaintiff Stewart was directed by Defendants to work, and did work, over 40 hours in one or more individual workweeks.

140.    Other Care Management Employees were directed to work, and did work, over 40 hours in one or more individual workweeks.

141.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Pettenato at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

142.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Law at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

143.    Defendants violated the FLSA by failing to pay overtime to Plaintiff Stewart at one and one-half times her regular rate of pay when she worked over 40 hours in one or more individual workweeks.

144.    Defendants violated the FLSA by failing to pay overtime to other Care Management Employees at one and one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

145.    Defendants' violation of the FLSA was willful.

WHEREFORE, Plaintiffs, on behalf of themselves and the Collective Action Members, seek a judgment against Defendants as follows:

A.    All unpaid overtime wages due to Plaintiffs and the Collective Action Members;

B.    Liquidated damages equal to the unpaid overtime compensation due, or in the absence of liquidated damages, prejudgment interest on the amount of overtime wages due;

C.    Post-judgment interest;

D.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.    Such other relief as the Court deems appropriate.

## COUNT II
### Violation of the New York Labor Law
### (Class Action)

146.    Plaintiff Pettenato incorporates here the previous allegations of this Complaint.

147.    This count arises from Defendants' violations of the NYLL by failing to pay overtime to Plaintiff Pettenato and the New York Class when they worked over 40 hours in individual workweeks.

148.    Defendants classified Plaintiff Pettenato as exempt from the overtime provisions of the NYLL.

149.    Defendants classified members of the New York Class as exempt from the overtime provisions of the NYLL.

150.    Plaintiff Pettenato was not exempt from the overtime provisions of the NYLL.

151.     Members of the New York Class were not exempt from the overtime provisions of the NYLL.

152.     Plaintiff Pettenato was regularly directed by Defendants to work, and did work, over 40 hours in individual workweeks.

153.     Defendants violated the NYLL by failing to pay Plaintiff Pettenato and the New York Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Pettenato, on behalf of herself and the New York Class, seeks a judgment against Defendants as follows:

A.     All unpaid overtime wages due to Plaintiff Pettenato and the New York Class;

B.     Liquidated damages equal to the unpaid overtime compensation due;

C.     Prejudgment interest on the amount of overtime wages due;

D.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

E.     Such other relief as the Court deems appropriate.

## COUNT III
## Violation of the Colorado Minimum Wage Act
## (Class Action)

154.     Plaintiff Law incorporates here the previous allegations of this Complaint.

155.     This count arises from Defendants' violations of the CMWA by failing to pay overtime to Plaintiff Law and the Colorado Class when they worked over 40 hours in individual workweeks.

156.     Defendants classified Plaintiff Law as exempt from the overtime provisions of the CMWA.

157.    Defendants classified members of the Colorado Class as exempt from the overtime provisions of the CMWA.

158.    Plaintiff Law was not exempt from the overtime provisions of the CMWA.

159.    Members of the Colorado Class were not exempt from the overtime protections of the CMWA.

160.    Plaintiff Law was regularly directed by Defendants to work, and did work, over 40 hours in individual workweeks.

161.    Members of the Colorado Class were regularly directed to work by Defendants, and did work, over 40 hours in individual workweeks.

162.    Defendants violated the CMWA by failing to pay Plaintiff Law and the Colorado Class overtime at one and one-half times their regular rates of pay when they worked over 40 hours in individual workweeks.

WHEREFORE, Plaintiff Law, on behalf of herself and the Colorado Class, seeks a judgment against Defendants as follows:

A.      All unpaid overtime wages due to Plaintiff Law and the Colorado Class;

B.      All penalties available under the CMWA.

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

D.      Such other relief as the Court deems appropriate.

**Jury Demand**

Plaintiffs demand a trial by jury.

Date:   June 28, 2019

Respectfully submitted,

/s/ *Maureen A. Salas*
Douglas M. Werman
IL Bar No. 6204740
Maureen A. Salas
IL Bar No. 628900
Werman Salas P.C.
77 West Washington St, Suite 1402
Chicago, Illinois 60602
dwerman@flsalaw.com
msalas@flsalaw.com
P: (312) 419-1008

Ravi Sattiraju
NY Bar No. 4053344
THE SATTIRAJU LAW FIRM, P.C.
116 Village Blvd #200
Princeton, NJ 08540
P: (609) 216-7042
Email: rsattiraju@sattirajulawfirm.com

Travis M. Hedgpeth
Texas Bar No. 24074386
The Hedgpeth Law Firm, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
P: (281) 572-0727
travis@hedgpethlaw.com

Jack Siegel
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
jack@siegellawgroup.biz


**Attorneys for Plaintiffs and Others
Similarly Situated**