

77 West Washington Street, Suite 1402, Chicago, IL 60602  Tel: 312-419-1008  |  Fax: 312-419-1025   www.flsalaw.com

October 1, 2019

*Via Electronic Court Filing System*
Hon. Barbara Moses, U.S.M.J
United States District Court
Southern District Of New York
500 Pearl Street
New York, NY 10007

    Re:    *Jocelyn Pettenato et al. v. Beacon Health Options, Inc. et al.*,
            Case No. 1:19-cv-1646 JPO-BCM

Dear Judge Moses:

    Pursuant to this Court's July 8, 2019 Order (ECF No. 46) and in advance of the October 8, 2019 status conference, the Parties jointly submit this letter outlining the progress of discovery so far and the discovery controversies that exist in this case.

    I.    **Initial Disclosures**

    Plaintiffs and Defendants served their Rule 26(a) disclosures on July 10, 2019.  Plaintiffs Jocelyn Pettenato, Jill Law, and Anitra Stewart produced 133 pages of documents at that time, and Defendants produced 715 pages of documents.

    II.    **Protective Order**

    The parties filed a proposed confidentiality order with the Court on September 19, 2019. ECF No. 54. The confidentiality order has not yet been entered by the Court.

    III.    **Plaintiffs' Written Discovery and Defendants' Response**

    Plaintiffs served their first requests to produce and first set of interrogatories to Defendant Beacon Health Options, Inc. ("BHO") on May 29, 2019, and served an amended set of interrogatories on June 3, 2019.  Plaintiffs served their first request to produce on Defendant Beacon Health Strategies LLC ("BH Strategies") and ValueOptions Federal Service, Inc ("ValueOptions") on August 2, 2019.  Plaintiffs also served a second set of requests to produce on Defendant BHO on August 2, 2019.

    Defendants timely served written responses to all discovery on September 6, 2019, stating both general and specific objections to Plaintiffs' requests and interrogatories.  Defendants have

produced 4,034 pages of documents to date and will continue to supplement this production as their investigation of responsive documents continues. Defendants have produced, among other documents, Plaintiffs' personnel files, payroll records, and job descriptions, along with policies and procedures that applied to Plaintiffs' work. Defendants have also produced a list of trainings completed by Plaintiffs.

Plaintiffs sent Defendants a letter on September 23, 2019, identifying the Plaintiffs' concerns with Defendants' discovery response. The Parties met and conferred regarding those concerns on September 30, 2019. The Parties identified the following outstanding issues regarding Defendants' production:

### a. Information Regarding Potential Plaintiffs

Plaintiffs requested the names, employee identification numbers, job title/position (and corresponding dates), employment locations, worksite, professional nursing license status, compensation structure, exempt or non-exempt classification, home address, last known telephone number, last known email address, and the last four digits of their Social Security Number of all Care Management Employees who were employed by Defendants.

Plaintiffs consider such information to be relevant to the issues in this case. Defendants have objected to providing such information until the Court rules on Plaintiffs' Motion for Step-One Notice and further object to preserving or producing other requested documents and information related to potential plaintiffs until the Court's ruling on that Motion.

The parties conferred regarding this issue and are at impasse.

### b. Documents Related to Licenses and Accreditations

Plaintiffs requested documents and communications related to any license, accreditation, and/or certification by the National Committee for Quality Assurance ("NCQA") or the Utilization Review Accreditation Commission ("URAC"). Defendants objected to providing such documents, on the basis that the documents are irrelevant and the request is overbroad. The Parties met and conferred on this issue and were unable to resolve it.

### c. Electronically-Stored Information in Defendants' Possession

The Parties have discussed a protocol for the search, review, and production of electronically-stored information ("ESI") in Defendants' possession. Defendants proposed an ESI Agreement on September 4, 2019. Plaintiffs have not responded to the proposal and instead have stated that in order to negotiate the terms of such a protocol, they need additional information regarding Defendants' ESI, including whether Defendants have preserved the laptops, phone call recordings, and VPN log-in information for the Plaintiffs. Defendants have stated that the search into precisely what ESI exists and what has been retained is ongoing.

Defendants have represented they are not preserving ESI for potential opt-in plaintiffs or for Rule 23 putative class members of the New York Labor Law and Colorado Minimum Wage Act classes. It is Plaintiffs' position that Defendants have an obligation to preserve ESI for potential

opt-in plaintiffs or for Rule 23 putative class members of the New York Labor Law and Colorado Minimum Wage Act classes. The Parties are at impasse.

### d. Defendants' Outstanding Production

Defendants have stated they are still in the process of searching for responsive documents. Plaintiffs have requested that Defendants specifically identify which categories of production are complete and which categories will be supplemented.

### IV.  Defendants' Written Discovery and Plaintiffs' Response

Defendants served their first interrogatories and document requests to Plaintiffs Pettenato and Law on May 3, 2019.  Plaintiffs Pettenato and Law timely served their responses to interrogatories and responses to document requests on September 6, 2019 and produced 18 documents, in addition to the documents that had been previously produced with Plaintiffs' Rule 26(a)(1) disclosures.

Defendants served their first interrogatories and documents requests on Named Plaintiff Anitra Stewart and 16 additional opt-in Plaintiffs on September 13, 2019, including 9 interrogatories and 24 requests for documents to each Plaintiff.  Given the time required to gather documents information from 17 individuals, Plaintiffs have requested a 30-day extension to provide a response to these discovery requests, or until November 12, 2019. Plaintiffs assert that representative discovery is appropriate in this FLSA collective action, and Plaintiffs' agreement to answer discovery on behalf of all 16 Opt-in Plaintiffs is conditioned on Defendants' agreement that these responses will go towards fulfilling the representative sample in this FLSA cases, should the Court grant Plaintiffs' Motion for Step-One Notice (ECF No. 37).  Defendants agree in principle to representative discovery but cannot not agree to any certain sample size or to treating the current Plaintiffs' responses as fulfilling the sample until the opt-in period closes and the number of opt-ins is available.

### V.  Deposition Issues

The Court's July 18, 2019 scheduling order set a November 8, 2019 deadline for all fact discovery, including depositions, except for discovery concerning new opt-in plaintiffs. No depositions have taken place thus far, and both parties are working diligently to complete their written discovery responses and document production.  In light of the status of written discovery, the Parties request the Court vacate the November 8, 2019 deadline for fact discovery. The Parties propose that the deadline be re-set after the Court rules on Plaintiffs' Motion for Step-One Notice.

While no depositions have been noticed at this time, Defendants have proposed taking the depositions of Plaintiffs Pettenato and Law at the end of October in New York. Plaintiff Pettenato resides in Brooklyn, NY, and Plaintiff Law lives in Colorado Springs, CO. It is Plaintiffs' position that the Plaintiffs should be deposed where they reside and it is Defendants' position that all Plaintiffs who are deposed, including future opt-in Plaintiffs, should be deposed in New York City, the venue of the litigation.

## VI. Settlement

The parties have not engaged in settlement negotiations.

Sincerely,

| | |
|---|---|
| /s/ Maureen A. Salas | /s/ Hillary J. Massey |
| Douglas M. Werman | Barry J. Miller |
| Maureen A. Salas | Hillary J. Massey |
| WERMAN SALAS P.C. | Seyfarth Shaw LLP |
| 77 West Washington, Suite 1402 | 2 Seaport Lane #300 |
| Chicago, Illinois 60602 | Boston, MA 02210 |
| Tel: (312) 419-1008 | bmiller@seyfarth.com |
| Dwerman@flsalaw.com | hmassey@seyfarth.com |
| msalas@flsalaw.com | |
| | Maria Papasevastos |
| Ravi Sattiraju | Seyfarth Shaw LLP |
| THE SATTIRAJU LAW FIRM, P.C. | 620 Eight Avenue, 32nd Floor |
| 116 Village Blvd., Suite 200 | New York, NY 10018 |
| Princeton, NJ 08540 | mpapasevastos@seyfarth.com |
| (609) 799-1266 | |
| rsattiraju@sattirajulawfirm.com | Attorneys for Defendant |

Travis M. Hedgpeth
The Hedgpeth Law Firm, PC
5438 Rutherglenn Drive
Houston, Texas 77096
Tel: (5120 417-5716
travis@hedgpethlaw.com

Jack Siegel
SIEGEL LAW GROUP PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
(214) 790-4454
jack@siegellawgroup.biz
*Attorneys for Plaintiffs and Others Similarly Situated*