UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
JOCELYN PETTENATO, JILL LAW, :
ANITRA STEWART, AND ALL OTHERS :
SIMILARLY SITUATED, :
: Civil Action No. 1:19-cv-1646 JPO-BCM
Plaintiffs, :
:
 -against- :
:
BEACON HEALTH OPTIONS, INC., :
BEACON HEALTH STRATEGIES LLC, :
AND VALUEOPTIONS FEDERAL :
SERVICES, INC., :
:
Defendants. :
:
---------------------------------------------------------- X

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
# MOTION TO DISMISS CLAIMS OF 14 OUT OF STATE PLAINTIFFS

## Table of Contents

| | Page |
|---|---|
| INTRODUCTION | 1 |
| RELEVANT HISTORY | 1 |
| STATEMENT OF FACTS | 1 |
|     A.    Defendants | 1 |
|     B.    Plaintiffs | 2 |
| LEGAL STANDARD | 2 |
| ARGUMENT | 4 |
| I.    THE COURT MUST DISMISS THE 14 OUT-OF-STATE PLAINTIFFS | 4 |
| CONCLUSION | 6 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Aramony v. United Way*,
   254 F.3d 403 (2d Cir. 2001)..................................................................................................3

*Arizona v. California*,
   460 U.S. 605, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)...........................................................3

*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*,
   137 S. Ct. 1773 (2017).........................................................................................................4, 5

*Brown v. Lockheed Martin Corp.*,
   814 F.3d 619 (2d Cir. 2016)...................................................................................................3

*Chavira v. OS Restaurant Servs., LLC*,
   2019 WL 4769101 (D. Mass. Sept. 30, 2019) .......................................................................5

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)...............................................................................................................4

*E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co.*,
   No. 00 CIV.8670, 2003 WL 22064259 (S.D.N.Y. Sept. 5, 2003)..........................................6

*Fagan v. City of Vineland*,
   22 F.3d 1283 (3d Cir. 1994)...................................................................................................3

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011)...............................................................................................................4

*Intn'l Shoe Co. v. Washington*,
   326 U.S. 310 .......................................................................................................................2, 3

*Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*,
   673 F.3d 50 (2d Cir. 2012).....................................................................................................2

*Maclin v. Reliable Reports of Texas, Inc.*,
   314 F. Supp. 3d 845 (N.D. Ohio 2018)..................................................................................5

*Marcella v. Capital Dist. Physicians Health Plan, Inc.*,
   47 F. Supp. 2d 289 (N.D.N.Y. 1999), *rev'd on different grounds Marcella v.
   Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42 (2d Cir. 2002)................................3

*In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*,
   399 F. Supp. 2d 325 (S.D.N.Y. 2005)....................................................................................6

*Ovadia v. Top Ten Jewelry Corp.*,
  No. 04-cv-2690, 2005 WL 1949970 (S.D.N.Y. Aug. 12, 2005) ................................................. 3

*Rafferty v. Denny's, Inc.*,
  No. 5:18-CV-2409, 2019 WL 2924998 (N.D. Ohio July 8, 2019) ............................................ 5

*Roy v. FedEx Ground Package Sys., Inc.*,
  353 F. Supp. 3d 43 (D. Mass. 2018) ........................................................................................ 5

*S.E.C. v. Badian*,
  No. 06-cv-2621, 2010 WL 1028256 (S.D.N.Y. Mar. 11, 2010) ................................................ 3

*Steinfield v. Marks*,
  No. 96-cv-0552, 1997 WL 563340 (S.D.N.Y. Sept. 8, 1997) .................................................... 3

*Szewcyzk v. United Parcel Service, Inc.*,
  2019 WL 5423036 (E.D. Pa. Oct. 22, 2019) . Order ................................................................ 6

*Turner v. Utiliquest, LLC*,
  No. 3:18-cv-00294, ECF#58 (M.D. Tenn. July 16, 2019) ........................................................ 5

*Watson v. Kellogg Sales Co.*,
  No. 1:19-cv-1356-DLC (S.D.N.Y. Oct. 1, 2019) ...................................................................... 5

**Statutes**

FLSA .................................................................................................................................... 1, 4, 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) ................................................................................................................ 6

**INTRODUCTION**

Plaintiffs filed this FLSA collective action aspiring to represent a nationwide collective of allegedly similarly situated employees.  The Court found that it lacks personal jurisdiction over the Defendants as to the claims of out-of-state plaintiffs and potential plaintiffs.  Defendants therefore ask this Court to dismiss the claims of the current out-of-state plaintiffs.

**RELEVANT HISTORY**

On October 25, 2019, the Court granted Plaintiffs' motion for conditional certification only as to Plaintiffs and potential plaintiffs who, during a three-year period, worked for Defendants in New York State or resided in New York State while working for Defendants. (Dkt. 62) ("Order").  It thus denied Plaintiffs' motion for conditional certification as to all out-of-state Plaintiffs and potential plaintiffs.  *Id.*  Noting that it did not have the authority to dismiss the out-of-state plaintiffs, the court directed the parties to either stipulate to dismissal and/or transfer or for Defendants to file a motion to dismiss or transfer by November 22, 2019, and later extended the deadline to December 6, 2019.  The parties were unable to agree to a stipulation.

Plaintiffs did not timely object to Judge Moses's October 25, 2019 Order.

**STATEMENT OF FACTS**

**A.     Defendants**

Beacon Health Options is a managed behavioral health organization family of companies that provides behavioral health solutions for health plans, employers, labor organizations and governments.  Defendants Beacon Health Options, Inc. and Beacon Health Strategies LLC are Beacon Health Options' two primary operating entities and Defendant ValueOptions Federal Services, Inc. is a wholly-owned subsidiary of Beacon Health Options, Inc.

Beacon Health Options, Inc. is a Virginia corporation with its principal place of business in Virginia.  *See* Answer to Amended Complaint ¶¶ 19, 22-24, 26, 27.  Beacon Health Strategies

1

LLC is a Massachusetts LLC whose manager, Beacon Health Financing LLC, is a Delaware LLC.  *Id.*  ValueOptions Federal Services, Inc. is a Virginia corporation with its principal place of business in Virginia.  *Id.*

### B. Plaintiffs

The three Named Plaintiffs worked for Defendants in three different states:  Named Plaintiff Pettenato[1] in New York; Law in Colorado; Stewart in Georgia.  Plaintiffs Law and Stewart never worked for Defendants in New York or resided in New York during their employment.  In addition to Law and Stewart, the following 12 Plaintiffs did not work or reside in New York:  Renee Austin, Wilson Bezerra-Flanders, Michele Cinkewicz, Alexis Dannahower, Lisa Donahue, Jennifer Jimenez, Marquita Kelley, Camille Mackey, Amani Mungo, Heather Oswald, Alicia Prachar and Bonnie Walton (collectively, the "14 Out-Of-State Plaintiffs").[2]

## LEGAL STANDARD

Where, like here, out-of-state Defendants have not consented to personal jurisdiction, the Court may not exercise it.  *See Int'l Shoe Co.*, 326 U.S. at 319 (noting that federal Due Process Clause "does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations."); *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 61 (2d Cir. 2012) (subsequent history omitted) (explaining that court's exercise of personal jurisdiction must satisfy both state's long-arm statute and federal Due Process Clause).  The exercise of personal jurisdiction over Defendants "is informed and limited by the U.S. Constitution's guarantee of due process, which requires that any jurisdictional exercise be consistent with 'traditional notions of fair play and

---

[1] Ms. Pettenato has agreed to dismiss her claims with prejudice.  Plaintiffs will file a stipulation of dismissal with prejudice.
[2] The parties are conferring about filing a stipulation of dismissal without prejudice of the claims of five of these Plaintiffs:  Stewart, Walton, Mungo, Jimenez, and Cinkewicz.

substantial justice.'" *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 625 (2d Cir. 2016) (quoting *Intn'l Shoe Co. v. Washington*, 326 U.S. 310, 316)).

Magistrate Judge Moses has already determined that the Court lacks personal jurisdiction over the claims of out-of-state Plaintiffs. This determination should be considered the law of the case such that this underlying jurisdictional question may be not reconsidered here. The law of the case doctrine "posits that if a court decided a rule of law, that decision should continue to govern in subsequent stages of the same case." *Ovadia v. Top Ten Jewelry Corp.*, No. 04-cv-2690, 2005 WL 1949970, at *1 (S.D.N.Y. Aug. 12, 2005) (quoting *Aramony v. United Way*, 254 F.3d 403, 410 (2d Cir. 2001)). The doctrine "forecloses consideration of issues that have already been decided." *Steinfield v. Marks*, No. 96-cv-0552, 1997 WL 563340, at *3 (S.D.N.Y. Sept. 8, 1997) (citing *Fagan v. City of Vineland*, 22 F.3d 1283, 1290 (3d Cir. 1994)). Application of the doctrine is at the court's discretion. *See S.E.C. v. Badian*, No. 06-cv-2621, 2010 WL 1028256, at *1 n.2 (S.D.N.Y. Mar. 11, 2010) (citing *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382 (1983)).

Courts have applied the law of the case doctrine to jurisdictional matters already decided by a Magistrate Judge where the issue was referred to the Magistrate Judge and no objections to the Magistrate Judge's decision were timely filed. *See e.g., Marcella v. Capital Dist. Physicians Health Plan, Inc.*, 47 F. Supp. 2d 289, 292 (N.D.N.Y. 1999), *rev'd on different grounds Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42 (2d Cir. 2002) (summarizing procedural posture; expressing no opinion on the district court's application of the law of the case doctrine and distinguishing a district court's adherence to law of the case from appellate review). Here, Plaintiffs did not timely object to Judge Moses's October 25, 2019 Order.

3

**ARGUMENT**

I.     **THE COURT MUST DISMISS THE 14 OUT-OF-STATE PLAINTIFFS**

Magistrate Judge Moses has already concluded that the Court lacks personal jurisdiction over the claims of Plaintiffs and putative opt-in plaintiffs who never worked for Defendants in New York or resided in New York while working for Defendants.  Order at 20 (citing *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017)[3]).  Noting that the FLSA does not provide for nationwide service of process, Magistrate Judge Moses concluded that the Court does not have general personal jurisdiction over Defendants because none of the Defendants are New York corporations and none have a principal place of business in New York such that neither the New York long-arm statute nor the federal Due Process Clause permit the Court's exercise of personal jurisdiction over the 14 Out-Of-State Plaintiffs' claims.  Order at 8 n.4, 20 (noting that "plaintiffs do not (and could not) allege that defendants are 'at home' in New York").

Magistrate Judge Moses also concluded that the Court does not have specific personal jurisdiction over Defendants with respect to the claims of out-of-state Plaintiffs and putative plaintiffs because Defendants are non-residents and the suit does not arise out of or relate to Defendants' contacts with the forum state.  Order at 16-20.  She primarily relied on *Bristol-Myers* and two recent District of Massachusetts decisions.  *See id.*(citing *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 58 (D. Mass. 2018) (denying motion to issue notice of FLSA collective action to drivers who did not work in Massachusetts because court lacks

---

[3] In *Bristol-Myers*, the Supreme Court held that for a court to exercise specific jurisdiction under the Fourteenth Amendment's Due Process Clause, "'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'"  *Id.* at 1780 (*quoting Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)).  "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'"  *Id.* (*quoting Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

4

personal jurisdiction over them: "the court's concerns about federalism suggest that it seeks to bar nationwide class actions in forums where the defendant is not subject to general jurisdiction"); *Chavira v. OS Restaurant Servs., LLC*, 2019 WL 4769101 (D. Mass. Sept. 30, 2019) (granting motion to strike out-of-state plaintiffs' consents to join and denying motion for conditional certification, concluding that "the personal jurisdiction analysis applies to all opt-in plaintiffs in a collective action in the same way that the Supreme Court found that the personal jurisdiction analysis applies to each plaintiff in a mass tort action").

Magistrate Judge Moses noted that other federal district courts have reached the same conclusion. Order at 12-16; *see also Turner v. Utiliquest, LLC*, No. 3:18-cv-00294, ECF#58 (M.D. Tenn. July 16, 2019) (denying nationwide conditional certification due to lack of personal jurisdiction)[4]; *Rafferty v. Denny's, Inc.*, No. 5:18-CV-2409, 2019 WL 2924998, at *8 (N.D. Ohio July 8, 2019) (concluding court lacked personal jurisdiction over non-resident potential plaintiffs and dismissing "any FLSA claim that arises out of employment at restaurants operated by Denny's outside Ohio"); *Maclin v. Reliable Reports of Texas, Inc.*, 314 F. Supp. 3d 845, 850 (N.D. Ohio 2018) (holding that *Bristol-Myers Squibb* applies to collective actions under the FLSA to divest federal district courts of specific jurisdiction over claims of nonresident opt-in plaintiffs); *see also Watson v. Kellogg Sales Co.*, No. 1:19-cv-1356-DLC (S.D.N.Y. Oct. 1, 2019) (dismissing consumer protection claims of named out of state plaintiffs due to lack of personal jurisdiction).[5]

Finally, Magistrate Judge Moses discussed a recent decision in the Eastern District of Pennsylvania that reached the same result and thus bolstered her analysis: *Szewcyzyk v. United*

---

[4] The *Turner* order is attached as Exhibit 1.
[5] The *Watson* order is attached as Exhibit 2.

5

*Parcel Service, Inc.*, 2019 WL 5423036 (E.D. Pa. Oct. 22, 2019) (dismissing out-of-state named plaintiff's claim due to lack of personal jurisdiction over defendant). Order at 16.

Given Magistrate Judge Moses' ruling regarding personal jurisdiction, the Court *must* dismiss the claims as to which the Court does not have specific or general jurisdiction. *See In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 399 F. Supp. 2d 325, 330 (S.D.N.Y. 2005) ("A court must dismiss an action against any defendant over whom it lacks personal jurisdiction.") (citing Fed. R. Civ. P. 12(b)(2)); *E-Z Bowz, L.L.C. v. Prof'l Prod. Research Co.*, No. 00 CIV.8670, 2003 WL 22064259, at *4 (S.D.N.Y. Sept. 5, 2003) ("Upon motion, the Court is required to dismiss an action against any defendant over whom it lacks personal jurisdiction.").

## CONCLUSION

For the reasons above, Defendants ask the Court to dismiss the claims of the 14 Out-Of-State Plaintiffs: Renee Austin, Wilson Bezerra-Flanders, Michele Cinkewicz, Alexis Dannahower, Lisa Donahue, Jennifer Jimenez, Marquita Kelley, Jill Law, Camille Mackey, Amani Mungo, Heather Oswald, Alicia Prachar, Anitra Stewart and Bonnie Walton.

Dated: December 6, 2019            BEACON HEALTH OPTIONS, INC., BEACON HEALTH STRATEGIES LLC, AND VALUEOPTIONS FEDERAL SERVICES, INC.

By: *s/Hillary J. Massey*
SEYFARTH SHAW LLP
Maria Papasevastos
mpapasevastos@seyfarth.com
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Telephone: (212) 218-5500

Barry J. Miller, pro hac vice
bmiller@seyfarth.com
Hillary J. Massey, pro hac vice
hmassey@seyfarth.com
Two Seaport Lane, suite 300
Boston, MA 02210-2028
Telephone:  (617) 946-4800
Facsimile:  (617) 946-4801

Gregg A. Rubenstein
BEACON HEALTH OPTIONS, INC.
200 State Street, Ste. 302
Boston, MA 02109
Telephone: (617) 476-1653
Gregg.Rubenstein@beaconhealthoptions.com

Attorneys for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that, on December 6, 2019, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                            *s/Hillary J. Massey*
                                            Hillary J. Massey