UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
JOCELYN PETTENATO, JILL LAW,
ANITRA STEWART, AND ALL OTHERS
SIMILARLY SITUATED,

          Plaintiffs,

  -against-

BEACON HEALTH OPTIONS, INC.,
BEACON HEALTH STRATEGIES LLC,
AND VALUEOPTIONS FEDERAL
SERVICES, INC.,

          Defendants.

------------------------------------------------------- X

Civil Action No. 1:19-cv-1646 JPO-BCM

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO SEVER AND TRANSFER NON-NY PLAINTIFFS' CLAIMS AGAINST BEACON HEALTH OPTIONS, INC. AND BEACON HEALTH STRATEGIES LLC TO THE DISTRICT COURT OF MASSACHUSETTS

# **TABLE OF CONTENTS**

|     |     | Page |
| --- | --- | --- |
| INTRODUCTION | | 1 |
| STATEMENT OF FACTS | | 2 |
| ARGUMENT | | 2 |
| I. | THE COURT SHOULD DISMISS, RATHER THAN TRANSFER, THE NON-NEW YORK PLAINTIFFS' CLAIMS | 2 |
| II. | PLAINTIFFS' SEVERANCE OF THEIR CLAIMS AGAINST BEACON HEALTH OPTIONS, INC. AND BEACON HEALTH STRATEGIES FROM THEIR CLAIMS AGAINST VALUEOPTIONS IS INAPPROPRIATE, AND PURELY A TACTIC TO FACILITATE TRANSFER | 4 |
| CONCLUSION | | 6 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Douglas v. D.B. Virginia, LLC,*
  No. 4:10CV80, 2010 WL 5572830, at *5 (E.D. Va. Dec. 13, 2010), *report and recommendation adopted*, No. 4:10CV80, 2011 WL 102721 (E.D. Va. Jan. 10, 2011) ............................................................................................................................5

*Gibbons v. Fronton,*
  661 F. Supp. 2d 429 (S.D.N.Y. 2009) ..............................................................................2

*Gonzalez v. HCA, Inc.,*
  No. 3:10-00577, 2011 WL 3793651 (M.D. Tenn. Aug. 25, 2011) ...................................5

*Minnette v. Time Warner,*
  997 F.2d 1023 (2d Cir. 1993) ..........................................................................................3

*Spar, Inc. v. Info. Res., Inc.,*
  956 F.2d 392 (2d Cir. 1992) .........................................................................................3, 4

*Wohlbach v. Ziady,*
  No. 17 CIV. 5790, 2018 WL 3611928 (S.D.N.Y. July 27, 2018) ....................................3

**Statutes**

Fair Labor Standards Act ("FLSA") ........................................................................................1

28 U.S.C. § 1406(a) ........................................................................................................2, 3, 5

Defendants Beacon Health Options, Inc., Beacon Health Strategies LLC ("Beacon Health Strategies") and ValueOptions Federal Services, Inc. ("ValueOptions") (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiffs' Motion to Sever and Transfer the Non-NY Plaintiffs' Claims Against Beacon Health Options, Inc. and Beacon Health Strategies LLC to the District Court of Massachusetts (Dkt. 82, 83) (Plaintiffs' Motion to Sever and Transfer").[1]

As explained herein, Plaintiffs' motion should be denied because transfer is not in the interest of justice, as severance and transfer would reward Plaintiffs for not carefully considering their claims before filing them and allow Plaintiffs to "bargain shop" a forum. In addition, the tactical severance of Plaintiffs' claims against certain Defendants as a way to skirt the transfer rules is improper.

## INTRODUCTION

Plaintiffs filed this Fair Labor Standards Act ("FLSA") collective action aspiring to represent a nationwide collective of similarly situated employees. On October 25, 2019, the Court found that it lacks personal jurisdiction over the Defendants as to the claims of out-of-state plaintiffs and potential plaintiffs (the "Order"). Based on the Court's Order, on December 6, 2019, Defendants filed a Motion to Dismiss the Claims of the Current Out-of-State Plaintiffs ("Defendants' Motion to Dismiss") (Dkt. 80, 81), and Plaintiffs filed their Motion to Sever and Transfer.

---

[1] There are currently seven opt-in Plaintiffs who did not work or reside in New York: Wilson Bezerra-Flanders, Alexis Dannahower, Lisa Donahue, Marquita Kelley, Camille Mackey, Heather Oswald, and Alicia Prachar (collectively, the "7 Out-Of-State Plaintiffs"). The Court previously granted Plaintiffs' motions to dismiss Plaintiffs Jocelyn Pettenato, Anitra Stewart, Bonnie Walton, Amani Mungo, Jennifer Jimenez, Michele Cinkewicz, and Renee Austin. (Dkt. 94, 100.)

1

## STATEMENT OF FACTS

Beacon Health Options ("Beacon") is a managed behavioral health organization that provides best-in-class behavioral health solutions for regional and specialty health plans; employers and labor organizations; and federal, state and local governments. Beacon offers superior clinical mental health and substance use disorder management, a strong employee assistance program, work/life support, specialty programs for autism and depression and insightful analytics to improve the delivery of care. Defendants Beacon Health Options, Inc. and Beacon Health Strategies are Beacon's two primary operating entities and defendant ValueOptions is a wholly-owned subsidiary of Beacon Health Options, Inc.

Beacon Health Strategies is a Massachusetts limited liability company. Beacon Health Options, Inc. and ValueOptions are incorporated in Virginia.

## ARGUMENT

### I. THE COURT SHOULD DISMISS, RATHER THAN TRANSFER, THE NON-NEW YORK PLAINTIFFS' CLAIMS

Plaintiffs' instant Motion to Sever and Transfer should be denied because it is not in the interest of justice to transfer this case. The Court should simply dismiss the 7 Out-Of-State Plaintiffs' claims without prejudice, and they should refile against their respective employer in the appropriate district court.

Where, as here, a Court finds that it has no personal jurisdiction over the defendants, 28 U.S.C. § 1406(a) governs and provides that a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See also Gibbons v. Fronton*, 661 F. Supp. 2d 429, 434 (S.D.N.Y. 2009) (holding that § 1406(a) includes situations where the transferring court lacks personal jurisdiction over the defendants).

2

"Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

While "[t]he purpose of § 1406 is to protect 'plaintiffs who were diligent in initiating suit [from] forfeit[ing] their action as a result of venue quirks of which responsible plaintiffs would not necessarily have known,'" *Wohlbach v. Ziady*, No. 17 CIV. 5790, 2018 WL 3611928, at *5 (S.D.N.Y. July 27, 2018) (citing *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992)), the Second Circuit has held that "a transfer should not be granted when it would 'reward plaintiffs for their lack of diligence in choosing a proper forum' and allow them to 'bargain hunt' forums after they commenced the action." *Wohlbach*, 2018 WL 3611928, at *4 (citing *Spar*, 956 F.2d at 394-95 (2d Cir. 1992)).

Here, Plaintiffs should not be rewarded for their lack of diligence in choosing a proper forum and permitted to "bargain hunt" forums. To be clear, Plaintiffs already "forum shopped" when they made the decision to initiate an action in this district – a district in which Plaintiffs concede none of the Defendants are "at home." The most basic search of the New York Secretary of State's website would have established to Plaintiffs that no court in New York can exercise general personal jurisdiction over any defendant. Plaintiffs' decision to commence this action either without performing this basic search or doing so and ignoring its results should result in their opportunity to search for a more conducive forum being precluded.[2] *Spar*, 956 F.2d at 395. As explained by the Second Circuit in *Spar*:

> Certainly, 'a plaintiff already has the option of shopping for a forum with the most favorable law[]' . . . before it makes a decision to initiate an action in a particular district. Once a plaintiff has commenced its action, however, its opportunity to search for a more conducive forum ordinarily is concluded. While § 1406 has been read to allow some plaintiffs to rectify their errant choice of forums, it should not operate automatically to give a plaintiff an additional opportunity to select the

---

[2]   In fact, plaintiffs twice failed to do this most basic research as they amended their complaint to include two additional plaintiffs over which this court cannot exercise general personal jurisdiction. (Dkt. 44).

3

> district of litigation. The 'interest of justice' analysis is 'not a vehicle for resurrecting a claim lost because the plaintiff erred in [its] initial choice of forums.' Here, we believe that plaintiff's failure to shop diligently before the action's inception is no reason to allow it now to 'bargain hunt.'

*Spar*, 956 F.2d at 395 (citations and quotation marks omitted).

Plaintiffs are seeking a transfer of the 7 Out-Of-State Plaintiffs' claims against Beacon Health Strategies and Beacon Health Options, Inc. to the District of Massachusetts. Notably, Plaintiffs are not seeking a transfer of any plaintiff's claims against ValueOptions – despite the fact that Plaintiffs previously amended their Complaint to specifically add ValueOptions as a defendant in this case – and the one opt-in plaintiff who was employed by ValueOptions (Bonnie Walton) has voluntarily dismissed her claims, without prejudice, rather than seek transfer of her claims to a different court. Defendants submit that Plaintiffs are intentionally dismissing ValueOptions to facilitate a transfer in lieu of dismissal to their preferred venue. Such efforts to forum shop, or "bargain shop" as the *Spar* court phrased it, should not be permitted.

Transfer should also be denied because the alternative, dismissal without prejudice, poses no harm to the 7 Out-Of-State Plaintiffs. These plaintiffs are fully in control of when and where they refile, and any plaintiff interested in doing so may file in a court of proper jurisdiction immediately after being dismissed from this district. Hence, there is no interest of fairness that would militate in favor of transfer, rather than a simple dismissal.

Because transfer would not be in the interest of justice, dismissal without prejudice is appropriate. The 7 Out-Of-State Plaintiffs may then file their action in the appropriate district.

II.     **PLAINTIFFS' SEVERANCE OF THEIR CLAIMS AGAINST BEACON HEALTH OPTIONS, INC. AND BEACON HEALTH STRATEGIES FROM THEIR CLAIMS AGAINST VALUEOPTIONS IS INAPPROPRIATE, AND PURELY A TACTIC TO FACILITATE TRANSFER**

As argued above, Defendants submit that Plaintiffs are intentionally seeking severance of their claims against Beacon Health Options, Inc. and Beacon Health Strategies from their claims

against ValueOptions – and voluntarily dismissing ValueOptions – for the improper purpose of effectuating a transfer, instead of dismissal. Plaintiffs' attempt to voluntary dismiss ValueOptions in this district means that they will likely refile the claims of any plaintiffs employed by ValueOptions in the appropriate district – the Eastern District of Virginia, Norfolk Division. Accordingly, Plaintiffs are not in fact selecting one venue that is the most convenient for Defendants, as they claim. Rather, they are purposely dismissing a defendant who they believed was necessary at the time they amended their Complaint so that they can get the benefit of a transfer and resurrect claims that they have lost because they erred in their initial choice of forums.

It is well settled that the Court to which an action is transferred "must have proper subject matter jurisdiction, venue and personal jurisdiction over *all defendants*." *Douglas v. D.B. Virginia, LLC*, No. 4:10CV80, 2010 WL 5572830, at *5 (E.D. Va. Dec. 13, 2010), *report and recommendation adopted*, No. 4:10CV80, 2011 WL 102721 (E.D. Va. Jan. 10, 2011) (emphasis added) (finding that dismissal was the proper remedy under § 1406(a) because the Court had insufficient facts to determine the proper exercise of personal jurisdiction in the district to which the plaintiff requested transfer over one defendant); *see also Gonzalez v. HCA, Inc.*, No. 3:10-00577, 2011 WL 3793651, at *14 (M.D. Tenn. Aug. 25, 2011) (denying transfer where the Court determined that plaintiffs "need[ed] to separate their individual claims by separate complaints and to do so requires the filings of separate actions," making transfer "impracticable").

Here, transferring the 7 Out-Of-State Plaintiffs' claims against *all Defendants* over whom this district lacks jurisdiction – Beacon Health Options, Inc., Beacon Health Strategies and ValueOptions – to the District of Massachusetts would be improper, as Plaintiffs cannot establish that the District of Massachusetts has personal jurisdiction over ValueOptions. The effective

severance of the claims against ValueOptions from the claims against the other Defendants to avoid this result is inappropriate.

Thus, Plaintiffs' motion to sever and transfer should also be denied as impracticable, as the District of Massachusetts would not have personal jurisdiction over ValueOptions, one of the current Defendants in this case over whom this Court lacks jurisdiction.

## CONCLUSION

For the reasons above, the Court should deny Plaintiffs' Motion to Sever and Transfer Non-NY Plaintiffs' Claims Against Beacon Health Options, Inc. and Beacon Health Strategies LLC to the District Court of Massachusetts.

Dated: December 20, 2019

BEACON HEALTH OPTIONS, INC., BEACON HEALTH STRATEGIES LLC, AND VALUEOPTIONS FEDERAL SERVICES, INC.

By: *s/Maria Papasevastos*
SEYFARTH SHAW LLP
Maria Papasevastos
mpapasevastos@seyfarth.com
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Telephone: (212) 218-5500

Barry J. Miller, pro hac vice
bmiller@seyfarth.com
Hillary J. Massey, pro hac vice
hmassey@seyfarth.com
Two Seaport Lane, suite 300
Boston, MA 02210-2028
Telephone:  (617) 946-4800
Facsimile:  (617) 946-4801

Gregg A. Rubenstein
BEACON HEALTH OPTIONS, INC.
200 State Street, Ste. 302
Boston, MA 02109
Telephone: (617) 476-1653
Gregg.Rubenstein@beaconhealthoptions.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that, on December 20, 2019, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*s/Maria Papasevastos*
Maria Papasevastos