UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

JOCELYN PETTENATO, JILL LAW,                    :
ANITRA STEWART, AND ALL OTHERS          :
SIMILARLY SITUATED,                                     :
                                                                            :          Civil Action No. 1:19-cv-1646 JPO-BCM
                          Plaintiffs,                             :
                                                                            :
          -against-                                                :
                                                                            :
BEACON HEALTH OPTIONS, INC.,              :
BEACON HEALTH STRATEGIES LLC,         :
AND VALUEOPTIONS FEDERAL                   :
SERVICES, INC.,                                             :
                                                                            :
                          Defendants.                           :
                                                                            :
------------------------------------------------------- X

## **<u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS CLAIMS OF OUT-OF-STATE PLAINTIFFS</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

ARGUMENT .................................................................................**Error! Bookmark not defined.**

    I.      CONTRARY TO PLAINTIFFS' ASSERTIONS, TRANSFER IS NOT IN
            THE INTEREST OF JUSTICE .............................**Error! Bookmark not defined.**

    II.     PLAINTIFFS HAVE NOT SHOWN EXCEPTIONAL
            CIRCUMSTANCES SUFFICIENT TO WARRANT EQUITABLE
            TOLLING .............................................................**Error! Bookmark not defined.**

CONCLUSION .............................................................................**Error! Bookmark not defined.**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*,
   137 S.Ct. 1773 (2017)..........................................................................................2, 3, 4

*Chavira v. OS Rest. Servs., LLC*,
   No. 18-CV-10029, 2019 WL 4769101 (D. Mass. Sept. 30, 2019) ...........................................3

*Daniel v. Am. Bd. of Emergency Med.*,
   428 F.3d 408 (2d Cir. 2005)....................................................................................................3

*Guzman v. Three Amigos SJL Inc.*,
   117 F. Supp. 3d 516 (S.D.N.Y. 2015).....................................................................................4

*Roy v. FedEx Ground Package Sys., Inc.*,
   353 F. Supp. 3d 43 (D. Mass. 2018) .......................................................................................3

*Roy v. FedEx Ground Package Sys., Inc.*,
   No. 3:17-CV-30116, 2018 WL 2324092 (D. Mass. May 22, 2018).....................................2, 3

*Watson et al. v. Kellogg Sales Co.*,
   19-cv-01356 (S.D.N.Y. Oct. 1, 2019)......................................................................................2

*Wohlbach v. Ziady*,
   No. 17 CIV. 5790, 2018 WL 3611928 (S.D.N.Y. July 27, 2018) ......................................1, 2, 3

**Statutes**

Fair Labor Standards Act ("FLSA").................................................................................................4

Defendants Beacon Health Options, Inc. ("Beacon Health Options"), Beacon Health Strategies LLC ("Beacon Health Strategies") and ValueOptions Federal Services, Inc. ("ValueOptions") (collectively, "Defendants") respectfully submit this reply in support of their motion to dismiss the claims of the current out-of-state plaintiffs (the "Current Out-of-State Plaintiffs").[1]

As argued in Defendants' Opposition to Plaintiffs' Motion to Sever and Transfer the Non-NY Plaintiffs' Claims Against Beacon Health Options, Inc. and Beacon Health Strategies LLC to the District Court of Massachusetts (Dkt. 101) ("Defendants' Opposition"), this Court should grant Defendants' Motion to Dismiss because the severance and transfer of the Current Out-of-State Plaintiffs' claims is not in the interest of justice. Rather, transfer would reward Plaintiffs for their lack of diligence in choosing a proper forum and allow them to "bargain hunt" forums. Further, the selective transfer of the Current Out-of-State Plaintiffs' claims against only two of the three Defendants to the District of Massachusetts would be improper.

## ARGUMENT

## I.    CONTRARY TO PLAINTIFFS' ASSERTIONS, TRANSFER IS NOT IN THE INTEREST OF JUSTICE

Contrary to Plaintiffs' assertions, a transfer of the Current Out-of-State Plaintiffs' claims against Beacon Health Options and Beacon Health Strategies is not in the interest of justice. A transfer would not serve the purpose of § 1406: "to protect 'plaintiffs who were diligent in initiating suit [from] forfeit[ing] their action as a result of venue quirks of which responsible plaintiffs would not necessarily have known.'" *Wohlbach v. Ziady*, No. 17 CIV. 5790, 2018 WL 3611928, at *5 (S.D.N.Y. July 27, 2018) (granting motion to dismiss and denying motion to

---

[1]    At the time Defendants filed their motion to dismiss, there were 14 out-of-state plaintiffs. Since Defendants' filing, six out-of-state plaintiffs have voluntarily dismissed their claims. (*See* Dkt. 94, 100.) As a result, there are currently eight out-of-state plaintiffs.

transfer) (quoting *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 394 (2d Cir. 1992)).  Here, as in *Wohlbach*, transfer is not appropriate because it would "'reward plaintiffs for their lack of diligence in choosing a proper forum' and allow them to 'bargain hunt' forums after they commenced the action."  *Id.* at *4 (quoting *Spar*, 956 F.2d at 394-95 (2d Cir. 1992)).

Plaintiffs chose, presumably for tactical or strategic reasons, to commence an action in New York against all three Defendants, even though no court in New York has general personal jurisdiction over any defendant and Plaintiffs were aware that their proposed collective included out-of-state employees who had never resided or worked in New York State.  In so doing, Plaintiffs knowingly assumed the risk of arguing that the Supreme Court's decision in *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.,* 137 S.Ct. 1773 (2017) would not apply in this case.  Now that their strategic choice of forum has proved unfavorable, Plaintiffs should not be given an additional opportunity to select the forum of their choice.  Rather, the Court should dismiss the Current Out-of-State Plaintiffs' claims against all Defendants, which will permit the remaining eight plaintiffs to refile against their respective employer in a court of appropriate jurisdiction.

Dismissal, rather than transfer, would also be consistent with the action taken by other courts after finding that they lacked personal jurisdiction over the claims of certain plaintiffs in an action, in light of *Bristol-Myers*.  For example, in the cases upon which Magistrate Judge Moses relied in finding that this Court lacks personal jurisdiction, the out-of-state plaintiffs' claims were dismissed, not transferred.  Specifically, in *Watson et al. v. Kellogg Sales Co.*, 19-cv-01356 (S.D.N.Y. Oct. 1, 2019), after citing *Bristol-Myers* and finding a lack of personal jurisdiction, Judge Cote dismissed the claims of the named out-of-state plaintiffs in that case.  Similarly, in *Roy v. FedEx Ground Package Sys., Inc.*, No. 3:17-CV-30116, 2018 WL 2324092,

at *1 (D. Mass. May 22, 2018), the court granted the defendant's motion to dismiss as to a named plaintiff's claim for lack of personal jurisdiction;[2] and in *Chavira v. OS Rest. Servs., LLC*, No. 18-CV-10029, 2019 WL 4769101, at *1 (D. Mass. Sept. 30, 2019), the court found that *Bristol-Myers* applied and granted defendants' motion to strike the notices of consent filed by out-of-state putative class members.

Lastly, while transfer may be appropriate if "a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum," *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 435 (2d Cir. 2005), the Court should dismiss Plaintiffs' claims because it is not in the interest of justice to transfer them and all of the eight out-of-state plaintiffs can satisfy a three year limitations period. *See e.g., Wohlbach*, 2018 WL 3611928, at *4-5 (citing cases). Indeed, in *Wohlbach*, the court recognized that that the plaintiff's claims would be time-barred if she were required to refile, but explained that transfer was not in the interest of justice because plaintiff "was well aware that all the relevant events occurred in Delaware, and that [the defendants] both resided in Delaware. . . . Despite that, she chose to file the Complaint in this District without providing any colorable basis for venue here." *Wohlbach*, 2018 WL 3611928, at *5. Here, Plaintiffs were well aware that Defendants were "at home" in other states and, for the Current Out-of-State Plaintiffs, all of the relevant events occurred outside of New York. It is therefore not in the interest of justice to transfer this case.

Accordingly, Plaintiffs' claims should be dismissed, not transferred.

---

[2]      In a subsequent opinion, the Court applied the same personal jurisdiction analysis to the claims of potential opt-in plaintiffs and denied plaintiffs' motion to issue notice of the collective action to potential out-of-state opt-ins. *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 52 (D. Mass. 2018).

## II.   PLAINTIFFS HAVE NOT SHOWN EXCEPTIONAL CIRCUMSTANCES SUFFICIENT TO WARRANT EQUITABLE TOLLING

"[A] litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Guzman v. Three Amigos SJL Inc.*, 117 F. Supp. 3d 516, 527 (S.D.N.Y. 2015) (internal citations omitted). "Equitable tolling applies only in the rare and exceptional circumstance." *Id.* (quoting *Bertin v. United States*, 478 F.3d 489, 494 n.3 (2d Cir. 2007).

Plaintiffs have not shown exceptional circumstances sufficient to warrant equitable tolling. Plaintiffs contend that they have diligently pursued their claims, but again, the current eight out-of-state plaintiffs can all currently meet a three year limitations period. Rather than dismiss and re-file, they have chosen to engage in motion practice which is not suggestive of diligent pursuit. Moreover, as the *Guzman* decision cited by Plaintiffs makes clear, diligence in pursuing FLSA claims alone is not enough; and there have been no significant delays in resolving Plaintiffs' conditional certification motion such that equitable tolling would be warranted. *See Guzman*, 117 F. Supp. 3d at 528. Further, there has been no "change in the law regarding jurisdiction in FLSA actions" during the pendency of this action, as Plaintiffs contend. Rather, Defendants relied on *Bristol-Myers* in arguing that this Court lacked personal jurisdiction, which, as Plaintiffs acknowledge, was decided seven months prior to Plaintiffs filing suit.

Thus, Plaintiffs are unable to establish "exceptional circumstances" that would warrant equitable tolling.

## CONCLUSION

For the reasons above, the Court should grant Defendants' Motion to Dismiss the Claims of the Out-of-State Plaintiffs.

Dated: January 2, 2020                        BEACON HEALTH OPTIONS, INC., BEACON HEALTH STRATEGIES LLC, AND VALUEOPTIONS FEDERAL SERVICES, INC.

By: *s/Maria Papasevastos*

SEYFARTH SHAW LLP
Maria Papasevastos
mpapasevastos@seyfarth.com
620 Eighth Avenue, 32nd Floor
New York, New York 10018
Telephone: (212) 218-5500

Barry J. Miller, pro hac vice
bmiller@seyfarth.com
Hillary J. Massey, pro hac vice
hmassey@seyfarth.com
Two Seaport Lane, suite 300
Boston, MA 02210-2028
Telephone:  (617) 946-4800
Facsimile:  (617) 946-4801

Gregg A. Rubenstein
BEACON HEALTH OPTIONS, INC.
200 State Street, Ste. 302
Boston, MA 02109
Telephone: (617) 476-1653
Gregg.Rubenstein@beaconhealthoptions.com

Attorneys for Defendants

## CERTIFICATE OF SERVICE

       I hereby certify that, on January 2, 2020, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*s/Maria Papasevastos*
Maria Papasevastos