**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOCELYN PETTENATO, JILL LAW, ANITRA STEWART, AND ALL OTHERS SIMILARLY SITUATED, <br><br> *Plaintiffs*, <br><br> v. <br><br> BEACON HEALTH OPTIONS, INC., BEACON HEALTH STRATEGIES LLC, AND VALUEOPTIONS FEDERAL SERVICES, INC. <br><br> *Defendants*. | Civil Action No. 1:19-cv-1646 JPO-BCM |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO SEVER AND TRANSFER NON-NY PLAINTIFFS' CLAIMS AGAINST BEACON HEALTH OPTIONS, INC. AND BEACON HEALTH STRATEGIES LLC TO THE DISTRICT COURT OF MASSACHUSETTS**

The Non-NY Plaintiffs' claims cannot be heard in New York, pursuant to the Court's conclusion regarding personal jurisdiction. Dismissal of the Non-NY Plaintiffs' claims without tolling from the date they joined this litigation by filing their Consents to Join would needlessly erode and prejudice their claims. Therefore, the only course of action that will serve the interest of justice is to sever those claims from this suit and to transfer them to the jurisdiction where BH Options and BH Strategies are at home – Massachusetts. Severance and transfer will preserve the original filing date of the Non-NY Plaintiffs' claims while resolving any jurisdictional issues in this case.

Defendants do not dispute that this case would proceed efficiently in Massachusetts if Plaintiffs' Motion were granted. Rather, they chose to criticize Plaintiffs' motivations for seeking a transfer, mischaracterizing Plaintiffs' Motion as an "effort[ ] to forum shop. . ." Response at 4. But

Defendants' accusations of "forum shopping" and "bargain hunting" are unsupported by any of the facts or the procedural history.  The Non-NY Plaintiffs simply seek a hearing on the merits of their overtime claims. The District of Massachusetts is a forum appropriate for that proceeding.  The Court is granted the power under Fed. R. Civ. P. 21 and 28 U.S.C. § 1406(a) to jettison claims not properly before it when those claims are not conveniently prosecuted together.

### A.  Plaintiffs are Not Engaged in a Bargain Hunt.

Defendants' forum shopping allegations are vague and unfounded. Defendants never state specifically what advantage Plaintiffs purportedly seek to gain in Massachusetts. In fact, it seems Defendants see forum shopping in Plaintiffs' every move, alleging Plaintiffs "already 'forum shopped' when they made the decision to initiate an action in [New York]," Response at 3, and allege that they are engaged in further "efforts to forum shop…" by seeking transfer to Massachusetts.  Response at 4.

Defendants are incorrect that Plaintiffs seek a "bargain" or strategic advantage.  Rather, Plaintiffs' request to move the Non-NY Plaintiffs claims to Massachusetts is driven by the Court's ruling that the Non-NY Plaintiffs' claims are not properly before a New York court.  Courts routinely transfer claims to a different venue upon concluding personal judication could not be satisfied before the initial court *See, e.g.*, *Corke v. Sameiet M. S. Song of Norway*, 572 F.2d 77, 81 (2d Cir. 1978); *Westvaco Corp. v. Viva Mgmt. Ltd.*, No. 00CIV.9399(LTS)(KNF), 2003 WL 21136729, at *4 (S.D.N.Y. May 15, 2003); *see also Study Logic, LLC v. Farmer Bros. Co.*, No. 18CV1645RJDLB, 2019 WL 3412114, at *5 (E.D.N.Y. July 29, 2019) ("It is in the interest of justice and judicial economy, and well within the authority of the court, to transfer this case to an appropriate forum. The initial claim could have been brought in the Northern District of Texas, as that court can exercise personal jurisdiction over

Defendant and would be an appropriate venue for the claim."); *Opinion Corp. v. Roca Labs, Inc.*, No. 14 CIV. 6396 LGS, 2015 WL 405532, at *5 (S.D.N.Y. Jan. 30, 2015) (transferring and noting "Although no personal jurisdiction exists over Defendants in this matter, dismissal is not necessary."); *Weinfeld v. Minor*, No. 12-CV-6395 DLI MDG, 2014 WL 4954630, at *7 (E.D.N.Y. Sept. 30, 2014) ("The apparent validity of Defendants' challenge to this Court's personal jurisdiction over them only buttresses this Court's decision to transfer this case."); *Holey Soles Holdings, Ltd. v. Foam Creations, Inc.*, No. 05-CV-6893(MBM), 2006 WL 1147963, at *9 (S.D.N.Y. May 1, 2006) ("Although this court lacks personal jurisdiction over defendant, dismissal is not required. Rather, a court may transfer an action commenced in a district in which personal jurisdiction over the defendant is lacking to another district in which the action could have been brought, if the transfer would promote the interest of justice.")

Plaintiffs' request to move to Massachusetts stands in contrast to the forum shopping the Second Circuit found in *Spar, Inc. v. Info. Res., Inc.*, 956 F.2d 392, 393 (2d Cir. 1992). That case involved two venues with entirely different rules governing the limitations period on the plaintiffs' tortious interference claims. *Id.* at 392-93. The claims were subject to a three-year limitations period in New York and a five-year period in Illinois. *Id.* at 393. When the defendant moved to dismiss the *Spar* plaintiffs' claim as time-barred, the plaintiffs sought transfer to Illinois to get the benefit of Illinois' more generous limitations period. *Id.* The Second Circuit affirmed the district court's dismissal, concluding, "we believe that plaintiffs' attempt to transfer the case was, in some respect, forum shopping." *Id.* at 395.

Unlike the *Spar* plaintiffs, the Non-NY Plaintiffs are not seeking a more generous statute of limitations in Boston, or any other more generous governing law. Rather, transfer is necessitated by the Court's ruling that the claims are not properly brought in New York. In fact, Magistrate Judge

Moses specifically instructed the parties to consider "whether this action should be transferred to another jurisdiction where Beacon Health is 'at home.'" ECF #62, at 30-31.

Defendants also assert that Plaintiffs lacked "diligence" by filing in New York.  Response at 3.  This theory is based on a fictional rewriting of the parties' dispute over jurisdiction. Defendants suggest that Plaintiffs argued that the Beacon Health entities were subject to general personal jurisdiction in New York and could have avoided this error by running "[t]he most basic search of the New York Secretary of State's website." *Id*. This argument is a red herring.  The jurisdictional dispute in this case never involved the issue of whether Defendants were "at home" in New York. Rather, the briefing before Judge Moses turned on the legal question of whether *Bristol-Myers Squibb v. Superior Court of California*, 137 S.Ct. 1773 (2017), applied to FLSA actions. That case requires courts to determine whether they have personal jurisdiction over *each* member of a putative class action.  *Id*. at 1782.  Plaintiffs argued that case's holding did not extend to FLSA collective actions, citing numerous federal court decisions reaching the same conclusion. ECF #53, at 1. The Court ultimately rejected Plaintiffs' argument and concluded that *Bristol-Meyers Squibb* applied to this FLSA action. ECF #62. But the Court never stated that its decision was based on Plaintiffs' lack of diligence or failure to fully defend their position regarding jurisdiction.  Rather, Plaintiffs diligently briefed and argued for one interpretation of an unsettled area of law.

Defendants also mischaracterize Plaintiffs' request to sever the claims against BH Options and BH Strategies as a "tactic to facilitate transfer."  Plaintiffs are not engaged in strategic tactics.  Rather, Plaintiffs merely seek an efficient resolution of this overtime dispute.  Following the Court's Order certifying only a New York collective, Plaintiffs fall into three groups: members of the New York collective, Non-NY Plaintiffs who wish to transfer, and Non-NY Plaintiffs who wish to voluntarily

dismiss their claims from this case.  The present Motion involves the second group's claims.  All eight members of that group – Named Plaintiff Jill Law and Opt-In Plaintiffs Wilson Bezerra-Flanders, Alexis Dannahower, Lisa Donahue, Marquita Kelly, Camille Mackey, Heather Oswald, and Alicia Prachar – were employed by either BH Options or BH Strategies.   None were employed by ValueOptions Federal Services.  The only Non-NY Plaintiff who worked for ValueOptions Federal Services, Bonnie Walton, opted to voluntarily dismiss her claims from this suit. ECF #94; *see also* Response at 4 ("and the one opt-in plaintiff who was employed by ValueOptions (Bonnie Walton) has voluntarily dismissed her claims.").  Five additional Non-NY plaintiffs also opted to voluntarily dismiss their claims. ECF #94 and ECF #100. While Defendants "submit that Plaintiffs are intentionally dismissing ValueOptions to facilitate a transfer in lieu of dismissal," Response at 4, this allegation is baseless.  Plaintiffs are simply requesting the Court use its "great discretion to restructure an action" to allow the remaining Plaintiffs an opportunity to pursue their claims against their employer where the employer is at home. S*ee Westvaco Corp.* 2003 WL 21136729, at *3.  Contrary to Defendants' suggestions, there is nothing "improper" and "inappropriate" by requesting the Court to restructure this action so that all claims can proceed efficiently.

Defendants' final argument is that severance and transfer would be "impracticable."  Response at 8-9.  Not so.  Transfer was considered "impracticable" in *Gonzalez v. HCA, Inc.*, No. 3:10-00577, 2011 WL 3793651, *14-*15 (M.D. Tenn. Aug. 25, 2011) where the court concluded each individual Plaintiff needed to file separate complaints in separate actions against entities located in Texas and Kansas.  *Id.* Here, the Non-NY Plaintiffs are seeking severance of their collective claims to a single venue, Massachusetts, where both BH Options and BH Strategies would be subject to general jurisdiction and potentially a nationwide FLSA collective.

**B.  Severance and Transfer to Massachusetts are in the Interest of Justice.**

Notably, Defendants do not dispute the substance of Plaintiffs' Motion.  Defendants do not dispute that a severance and transfer to Massachusetts is authorized by Fed. R. Civ. P. 21 and § 1406(a). They do not dispute that courts in this jurisdiction have used these tools to transfer claims. They do not dispute that BH Options maintains a headquarters in Boston, and its principals direct the company's operations from Boston.  They do not dispute that BH Strategies is at home in Massachusetts.

Furthermore, Defendants do not argue that justice would be served by allowing the statute of limitations to run against the Non-NY Plaintiffs' claims.  Nor could they – the outcome that best promotes the interest of justice, and preserves the original filing date on Plaintiffs' claims, is transfer rather than dismissal.  If this case were dismissed, and the Non-NY Plaintiffs refiled their claims in February 2020 at the earliest, the following amount of time would be lost from the date each Plaintiff original filed his or her claim in the event their claims are not tolled back to the date they filed their consent forms in this matter:

- Jill Law would lose 12 months (Complaint filed February 2019)
- Wilson Bezerra-Flanders would lose 12 months (filed consent February 2019)
- Alexis Dannahower would lose 12 months (filed consent February 2019)
- Lisa Donahue would lose 12 months, and her claims would be timed out (filed consent in February 2019 and was last employed by Defendants in February 2017)
- Camille Mackey would lose 12 months (filed consent in February 2019)
- Alicia Prachar would lose 11 months (filed consent in March 2019).

It is in the interest of justice to avoid prejudicing these Plaintiffs' claims.  Because this Court is afforded the discretion to preserve their filing date, by severing the Non-NY Plaintiffs' claims against BH Options and BH Strategies from this lawsuit and transferring those claims to Massachusetts, the Court should grant Plaintiffs' Motion.

Respectfully Submitted,

/s/Douglas M. Werman
One of Plaintiffs' Attorneys

DOUGLAS M. WERMAN
IL Bar No. 6204740
MAUREEN A. SALAS
IL Bar No. 628900
WERMAN SALAS P.C.
77 West Washington St, Suite 1402
Chicago, Illinois 60602
P: (312) 419-1008
dwerman@flsalaw.com
msalas@flsalaw.com

RAVI SATTIRAJU
NY Bar No. 4053344
THE SATTIRAJU LAW FIRM, P.C.
116 Village Blvd #200
Princeton, NJ 08540
P: (609) 216-7042
rsattiraju@sattirajulawfirm.com

TRAVIS M. HEDGPETH
Texas Bar No. 24074386
THE HEDGPETH LAW FIRM, PC
3050 Post Oak Blvd., Suite 510
Houston, Texas 77056
P: (281) 572-0727
travis@hedgpethlaw.com

JACK SIEGEL
Texas Bar No. 24070621
SIEGEL LAW GROUP PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: (214) 790-4454
jack@siegellawgroup.biz

**Attorneys for Plaintiffs and Others
Similarly Situated**

7