IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOCELYN PETTENATO, JILL LAW, ANITRA STEWART, AND ALL OTHERS SIMILARLY SITUATED,<br><br>*Plaintiffs*,<br><br>v.<br><br>BEACON HEALTH OPTIONS, INC., BEACON HEALTH STRATEGIES LLC, AND VALUEOPTIONS FEDERAL SERVICES, INC.<br><br>*Defendants*. | Civil Action No. 1:19-cv-01646-JPO-BCM |

**PLAINTIFFS' MOTION AND ORDER ON THE DISMISSAL
OF PLAINTIFF MAIA SMITH**

Plaintiffs, by and through their counsel, pursuant to Federal Rule of Civil Procedure 41(a)(2) request that the Court enter an Order dismissing Plaintiff Maia Smith's claims without prejudice. In further support of this Motion, Plaintiffs state as follows:

1. Plaintiffs filed the Complaint on February 21, 2019. Dkt. 1.

2. Plaintiffs filed a First Amended Complaint on June 28, 2019. Dkt. 44.

3. Plaintiff Maia Smith filed a consent form to opt into the lawsuit on December 9, 2019. Dkt. 86.

4. Plaintiff Maia Smith informed her counsel on December 18, 2019, that she wished to dismiss her claims against all Defendants, and Plaintiffs' Counsel asked Defendants whether they would agree to the dismissal of her claims.

5. On December 19, 2019, counsel for Defendants stated they would not agree to Plaintiff Maia Smith's dismissal without prejudice and would only agree to a dismissal with prejudice.

1

6. Dismissal with prejudice is a "draconian remedy." *Scott v. Chipotle Mexican Grill, Inc.*, No. 12CV08333ALCSN, 2015 WL 13745760, at *1 (S.D.N.Y. July 31, 2015), report and recommendation adopted as modified, No. 12-CV-8333 (ALC), 2016 WL 397677 (S.D.N.Y. Feb. 1, 2016)).

7. In *Scott*, Magistrate Judge Netburn distinguished between unresponsive FLSA opt-in plaintiffs and withdrawing FLSA opt-in plaintiffs. While unresponsive FLSA opt-in plaintiffs were subject to dismissal of their claims with prejudice, withdrawing plaintiffs need not forfeit their right to refile a case. *Scott*, 2015 WL 13745760 at *9. Unlike plaintiffs who do not respond to discovery, withdrawing plaintiffs "actively sought to remove themselves from the case" and "they did so early in the discovery process." *Id*. The district court adopted this recommendation and granted the withdrawing plaintiffs' motion to dismiss without prejudice. *Scott v. Chipotle Mexican Grill Inc.*, No. 12-CV-8333 (ALC), 2016 WL 397677, at *4 (S.D.N.Y. Feb. 1, 2016).

8. Opt-In Plaintiff Smith has actively sought to remove herself from this case and has done so quickly. Her claims should be dismissed without prejudice.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

(a) Plaintiff Maia Smith's claims are dismissed without prejudice;

(b) All other Plaintiffs' claims are unaffected by this Order.

Date: January 15, 2020

Respectfully submitted,

By: */s/ Maureen A. Salas*

**WERMAN SALAS P.C**
Douglas M. Werman, pro hac vice
dwerman@flsalaw.com
Maureen A. Salas, pro hac vice
msalas@flsalaw.com
77 West Washington St., Suite 1402
Chicago, IL 60602
(312) 419-1008

**THE HEDGPETH LAW FIRM, PC**
Travis M. Hedgpeth, pro hac vice
travis@hedgpethlaw.com
3050 Post Oak Bldv., Suite 510
Houston, Texas 77056

**SIEGEL LAW GROUP PLLC**
Jack Siegel, pro hac vice
jack@siegellawgroup.biz
2820 McKinnon, Suite 5009
Dallas, Texas 75201

**THE SATTIRAJU LAW FIRM P.C**.
Ravi Sattiraju
rsattiraju@sattirajulawfirm.com
116 Village Bldv.#200
Princeton, NJ 08540

*Attorneys for Plaintiffs*

The Clerk of Court is directed to close the motion at Docket Number 111.

Dated: January 29, 2020
  New York, New York

SO ORDERED

_____
J. PAUL OETKEN
United States District Judge