

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTY ROSE BARSA, et al.,

        Plaintiffs,

  -against-

BEACON HEALTH OPTIONS, INC., et al.,

        Defendants.

19-CV-1646 (JPO) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

Now before the Court is the parties' joint motion dated September 22, 2020 (Dkt. No. 145), seeking approval of their proposed FLSA Settlement and Release Agreement (Agreement) (Dkt. No. 137-1), as revised by their Stipulation Regarding Settlement Agreement dated September 21, 2020 (Stipulation) (Dkt. No. 144), pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). The Agreement – both as originally submitted and as revised – requires defendants Beacon Health Options, Inc., Beacon Health Strategies LLC, and ValueOptions Federal Services, Inc. (collectively, Beacon Health) to pay a total of $99,180.66 to settle the "misclassification" claims asserted under the Fair Labor Standards Act (FLSA) and state law by the 41 Participating Plaintiffs who signed the Agreement. Ag. ¶ 5. Named plaintiff Betty Rose Barsa will receive a $1,000 service award, and plaintiffs' counsel request $33,333.33 in attorneys' fees, plus $10,035.90 to reimburse their litigation expenses,[1] which would leave $54,811.43 to be distributed among the Participating Plaintiffs in amounts ranging from a low of $232.70 to a high of $4489.36. *See* Ag. ¶ 5 & Ex. A; Joint Ltr. (Dkt. No. 137) at 5-6.

---

[1] The parties' most recent submissions include a calculation, by plaintiffs' counsel, that the total expenses amount to $10,306.29 – a 39 cent increase from the number provided in the Agreement. *See* Salas Decl. (Dkt. No. 146-1) at 7. The difference is immaterial and, in any event, does not modify the figure in the Agreement because it is not included in the Stipulation.

By Order dated July 10, 2020 (Dkt. No. 141), this Court denied without prejudice the parties' initial application to approve the Agreement pursuant to *Cheeks* because: (1) the parties failed to submit (a) adequate information concerning plaintiffs' "total potential recovery," without which it is difficult to assess the "degree of success obtained," *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (quoting *Farrar v. Hobby*, 506 U.S. 103, 114 (1992)), and (b) authenticated attorney billing records, without which the Court could not adequately evaluate the fairness of the proposed attorneys' fee award; (2) the Agreement contained a broad, one-way general release from plaintiff Barsa, in contravention of well-settled precedent in the Second Circuit; and (3) the Agreement also contained a non-publicity clause binding both Barsa and plaintiffs' counsel, again in contravention of well-settled Second Circuit precedent.

The revised submission addresses each of these issues. First, the parties have now adequately addressed plaintiffs' potential total recovery. In their brief, submitted with the Stipulation, the parties explain that the Second Circuit's decision in *Isett v. Aetna Life Ins. Co.*, 2020 WL 201682 (2d Cir. Jan. 14, 2020) "could reduce the collective's recovery to zero," and that the damages to which plaintiffs would be entitled if liability were established are seriously disputed, in part because defendants failed to keep accurate time records. Joint Mem. (Dkt. No. 146) at 2-7. Additionally, plaintiffs' counsel have submitted attorney time records which demonstrate a lodestar of more than $475,000 for Werman Salas P.C. Salas Decl. at ECF pages 13-90. Second, the parties struck the one-way general release provision from the Agreement. Stipulation at 2. Lead plaintiff Barsa, like the other members of the collective, will be subject to a narrower release as described in ¶ 3 of the Agreement. Third, the parties struck the non-publicity provision from the Agreement, *id.*, meaning that plaintiff Barsa and her counsel will be free to speak about the case.

Having reviewed the terms of the Agreement as modified by the Stipulation, including the award of fees and costs to plaintiffs' counsel, the Court finds that they are fair and reasonable as required by *Cheeks*, 796 F.3d at 199. Accordingly, the proposed settlement, as modified, is **APPROVED**.

It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs.

The Clerk of Court is respectfully directed to close the case.

Dated: New York, New York
September 28, 2020

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**